IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DENNIS P. RIVERO, M.D.,**

    **Plaintiff,**

v.                                                                    **Cause No. 16-cv-00318 WPL/SCY**

**BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO
d/b/a UNIVERSITY OF NEW MEXICO HEALTH SCIENCES CENTER,**

    **Defendant.**

## RESPONSE TO DEFENDANT'S MOTION TO COMPEL

COMES NOW Plaintiff Dennis P. Rivero, M.D. ("Dr. Rivero"), though his attorney of record, and submits his response to Defendant Board of Regents of the University of New Mexico's Motion to Compel [Doc. 68, filed April 24, 2017]. As grounds for the response, Dr. Rivero states the following.

**I.   PREFACE**

Pursuant to a telephone conference of May 11, 2017 between Attorney Larry Marcus, counsel for Defendant, and counsel for Dr. Rivero, the Motion to Compel with respect to requests for production or interrogatories has been withdrawn because of Dr. Rivero's supplementation of responses on May 8, 2017. (*See* E-mail among counsel, May 18, 2017, attached hereto as Exhibit 1.) Therefore, Dr. Rivero addresses only the Motion to Compel's arguments pertaining to Requests for Admissions 1-13 ("RFAs," Motion to Compel at 10-11 and Exhibit D thereto).

**II.   INTRODUCTION**

Dr. Rivero filed his First Amended Complaint to Recover Damages for Violation of the Rehabilitation Act of 1973 ("FAC") on September 9, 2016. [Doc. 28.]  Dr. Rivero seeks relief under the Rehabilitation Act and for constructive discharge from the University of New Mexico.

[Doc. 43, Order Denying Motion to Dismiss, filed Dec. 22, 2016, recognizing the claims and their timeliness under the FAC.]

In the FAC, Dr. Rivero sets out the facts and circumstances surrounding requests for increased employment for several years leading up to 2011 and Defendant's obstruction of those requests. Relevant to this Response are the following facts.

In 2011, Defendant presented a document to Dr. Rivero entitled "Addendum No. 1 to Contract UNM School of Medicine Faculty by and between the University of New Mexico and Dennis P. Rivero, M.D.," hereinafter the "Addendum." [Doc. 28-1.] UNM conditioned increased employment for Dr. Rivero on acceptance of the Addendum. (FAC ¶ 33.) The Addendum required that Dr. Rivero submit to a battery of "psychiatric evaluations" to be considered for increased employment. (FAC ¶¶ 33-36.) This constituted an illegal medical inquiry that Defendant had no legitimate basis to request. (FAC ¶¶ 41-44.) Dr. Rivero seeks relief in part based on that illegal medical inquiry.

Defendant has posited several defenses attempting to deflect responsibility for its illegal conduct by attempting to portray Dr. Rivero in a falsely negative light. In its answer to the FAC, Defendant contends that "[t]he [psychiatric] examinations in question were job-related, consistent with business necessity, and concerned Plaintiff's ability to perform the functions of his job." [Doc. 45, Answer to FAC at 10, filed Jan. 5, 2017, Affirmative Defense VI.] Defendant also contends that "[a]ny harm to Plaintiff was caused, wholly or in part, by Plaintiff's own actions and inactions." [Answer to FAC at 10, Affirmative Defense VII.] Elaborating on such defenses in the Joint Status Report [Doc. 48, "JSR," filed Jan. 31, 2017], Defendant alleges "a long history of complaints regarding his personal interactions with patients, nurses, patient advocates and other medical staff at UNM" and "a long-standing pattern of abuse of patients and co-workers." (JSR

at 6.) Defendant fails to make note that no complaint against Dr. Rivero was ever substantiated, and Dr. Rivero was never found to have acted improperly. Indeed, in cases referenced by the RFAs, several third parties attested to Dr. Rivero's proper conduct. (*See, e.g.,* Letters from Physicians re: Patient Complaints, attached as Exhibits 2, 3, and 4, corresponding to RFAs 1-3, 4-7, and 8-11, respectively.)[1]

The RFAs constitute Defendant's attempt to fabricate support for its false and hyperbolic allegations of improper conduct. Defendant submits for admission or denial piecemeal excerpts of e-mails, without citing to Bates numbers or attaching a document for review, in order to create singular, out-of-context soundbites for evidentiary purposes. This approach is objectionable for several reasons and runs afoul of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

### III. ARGUMENT

#### a. Rules governing response to requests for admission.

Generally, "a responding party may answer an RFA through admission or denial, object, or state in detail why it cannot truthfully admit or deny it." *Tom v. S.B.*, CV 10-1257 LH/WPL (D.N.M. July 25, 2012) (*citing* Fed. R. Civ. P. 36(a)(4) & (5)).

Dr. Rivero objects to the referenced Requests for Admission for several reasons, as outlined in the initial responses thereto, served on Defendant on April 3, 2017. Each objection is valid and precludes the need for a response demanded by Defendant.

---

[1] Note that patient names have been redacted in the interest of maintaining confidentiality of patient information. Any production of such information is subject to the Confidentiality and Order entered in this case.

### b. The RFAs are objectionable because they are incomplete, edited, and out-of-context excerpts of referenced writings.

"Requests for Admissions are intended to narrow the factual issues of a case." *Coleman v. Cnty. of Suffolk*, 12-cv-3509 DRH/ARL at 1 (E.D.N.Y. Dec. 17, 2013) (*citing Biernacki v. U.S.*, No. 11-CV-973 (Sr.) (W.D.N.Y. Dec. 7, 2012)). In *Saliga v. Chemtura Corp.*, 12-cv-832 RNC at 7-8 (D. Conn. Nov. 20, 2013), the court stated:

> Requests for admissions are not intended for factual discovery that should be done through interrogatories and depositions. They are a cruder device because the party may accept, deny or object to facts phrased by the opposition. They exist to narrow the issues at trial where the parties' unambiguously agree.

The party requesting admission "bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." *Biernacki*, 11-CV-973 (Sr.) at 6 (W.D.N.Y. Dec. 7, 2012). "Generally, qualification is permitted if the statement, although containing some truth . . . standing alone out of context of the whole truth . . . convey[s] unwarranted and unfair inferences." *Id.* "Requests for Admissions are not a discovery device much like interrogatories, demand for documents or depositions, nor are they to be considered substitutions for them." *Coleman,* 12-cv-3509 DRH/ARL at 1.

Additionally, the Federal Rules of Evidence favor completeness. Federal Rule of Evidence 106 states:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time.

4

The Advisory Committee Note to Rule 106 elaborates further:

> The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial.

Dr. Rivero has objected to the RFAs on the grounds that they set out excerpted portions of referenced documents not attached to the requests, appear to abridge the referenced documents by excerpt, misstate the referenced documents by such abridgement, misstate the referenced documents by presenting edited content of the document, misstate the referenced documents by transcribing content out of context, and attempt to mislead and change the context and meaning of the referenced documents. (Motion to Compel, Exhibit D, "Responses to First Set of Requests for Admissions" at 3-16.)

Dr. Rivero's objections are valid. The RFAs request that Dr. Rivero admit or deny authorship of text excerpted from referenced e-mails. The requests are made without providing a complete document or set of documents for consideration and review. Therefore, Rule 106 is implicated, and Dr. Rivero's objection serves as a request for completeness of the referenced document at the time of inquiry.

Furthermore, Defendant is not using the RFAs to narrow factual issues but rather as examination tools, similar to questioning at deposition or trial, in contravention to the limitations espoused in *Saliga*. Hypothetically, were the RFAs presented as cross examination questions at trial, Dr. Rivero would have an absolute right to demand a complete document, and other supporting documents, in their entirety be presented at the time of examination. To require either an admission or denial of the RFAs in their current form contravenes this "Completeness Doctrine." The "repair work" required of Dr. Rivero to present the entire document in context—either at trial or in a response to a summary judgment motion—would be inadequate if done at a

later time. (Fed. R. Evid., Advisory Notes.) Indeed, the extent of qualification for each RFA, in attempting to reflect context, does not adhere set forth requests that can be answered "simply [and] directly."

Finally, as an emphatic example of the validity of Dr. Rivero's objections, Request for Admission No. 2 embodies the hazard of requiring that a party admit or deny excerpted and decontextualized segments of documents. Defendant's RFA No. 2 asks that Dr. Rivero admit or deny authorship of the following in order:

> No. 2: "The facts of the matter are that I did indeed schedule him for surgery (did not deny him care) but explained to him that his self pay status as I understood it would require him to pay the hospital 50% (not me) which would probably be about 8-10 thousand . . . I merely explained to him that if the financial clearance was not in place I would cancel his surgery so as to not to loose [sic] the slot ... Perhaps, Mr. Barela, if you understood it and explained it to me we could avoid this type of correspondence."
> (Motion to Compel, Exhibit D at 4.)

In a set of requests for admission subsequently propounded, Defendant attached what it purported were the referenced e-mails, including the e-mail above. (*See* Exhibit 5, Defendant's Second Set of Requests for Admissions, served April 7, 2017.) The ostensibly complete text provides a significant contrast with the excerpt quoted *supra*.

> The facts of the matter are that I did indeed schedule him for surgery(did not deny him care) but explained to him that his self pay status as I understood it would require him to pay the hospital 50%( not me) which would probably be about 8-10 thousand. You should look into this and see if I am mistaken.
> As my surgery slots are very few in regard to the number of patients who need this surgery, ( I am booked almost entirely thru November) it deprives other patients of surgery when I am forced to cancel surgery at the last minute because they are not financially cleared.
> I merely explained to him that if the financial clearance was not in place I would cancel his surgery so as to not loose the slot.He seems to think that he has been financially cleared, which I do not think is the case, he has merely been informed what will be required of him, but I do not think he understands that the little blue card is merely a payment policy instruction which I believe he has misunderstood. Perhaps, Mr. Barela, if you

> understood it and explained it to me we could avoid this type of correspondence.
> (*See* attached Exhibit 5, Second Set of Request for Admissions, at Exhibit A.)

The difference between the two excerpts is notable and meaningful, in that it reveals how misleading edited and incomplete text can be.  The difference also validates Dr. Rivero's objections to Defendant's presentation of out-of-context content in the RFAs.  The excerpt in RFA No. 2 differs substantially and materially from its source.

Even in instances without so stark a manipulation of text, a party forced to admit or deny (or qualify at great length) a request for admission may be prejudiced by a requesting party's selective extraction of portions of documents presented out-of-context and separate from the complete document.  (*Compare, e.g.,* RFAs 12-13 *with attached* Exhibit 5, Second Set of Requests for Admissions, its Exhibit D.)  To compel admission or denial in an instance like this could also cause a receiving party to face the dilemma of being required to admit or deny authorship of words divorced from their intended meaning, which is the inverse of narrowing factual issues.

### c. The RFAs are objectionable based on their lack of relevance.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Dr. Rivero objects to the RFAs on the grounds that they seek admission or denial of matters that are not relevant, including because they seek information from "a period irrelevant to the claims in this action."  (*See* Motion to Compel, Exhibit D at 3-16.)

By its own actions, Defendant has rendered the RFAs irrelevant.  Although Defendant has wrongfully made an issue Dr. Rivero's mental health and psychiatric condition, as late as 2009, Defendant certified that Dr. Rivero had no psychiatric or mental issues whatsoever. (*See* Exhibits 6 and 7 attached hereto.)  Yet, Defendant seeks admission of authorship of e-mail excerpts from

7

2005 and 2006, years before the certifications of a clean bill of psychiatric health in 2009 and half a decade before the presentation of the Addendum.

Moreover, the Court has, at least informally, limited discovery before 2007. In an informal status conference of April 27, 2017, the Court suggested limitation of the scope of Dr. Rivero's own discovery of instances in which physicians were asked to submit to psychiatric examinations. [Doc. 71, Clerk's Minutes of Status Conference, April 27, 2017.] The Court suggested that the time period of discovery of such information was to be limited from January 2007 to January 2011. (*Id*.) Here, Defendant seeks admissions of authorship of writings that predate 2007, beyond the narrow timeframe that the court has suggested for Plaintiff's own discovery.

Therefore, the requests do not seek information that is relevant.

### d. The RFAs are objectionable because Defendant is a more convenient source for achieving the end goal of its requests, and seeking such admissions from Dr. Rivero constitute an undue burden.

Discovery may be limited if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Dr. Rivero objects to the RFAs in that they seek "information obtainable from another source that is more convenient, namely Defendant who has this information in its possession." (Motion to Compel, Exhibit D at 3-16.)

Here, the Defendant has excerpted statements from documents that were produced <u>by Defendant</u> in a separate state court action (*Rivero v. Bd. or Regents of UNM*, Second Judicial District Court of New Mexico, D-202-CV-2011-08106, hereinafter the "Mandamus Action").[2] Defendant did not provide copies of excerpted documents with the RFAs and has not sought

---

[2] However, Defendant has failed to use the Mandamus Action Bates-numbered documents in its possession, though the parties agreed to such use from the outset. This has added unnecessary burden to responding to discovery.

authentication of such documents. Therefore, to the extent that a party can provide an evidentiary basis for the excerpted portions of documents, that party is the Defendant.

Additionally, the RFAs impose undue burden on Dr. Rivero. Defendant would have Dr. Rivero to find and compare the excerpted passages with previously produced documents from the Mandamus Action, which are not identified by Bates number, and then to attest to verbatim authorship and content. This amounts to a search through discovery for referenced e-mails and to posit from memory an immutable admission or denial as to both their authenticity and accuracy. Defendant is in a better position to provide a more accurate reference to documents for the acquisition of admission, denial, or statement of inability to admit or deny.

## IV. CONCLUSION

Dr. Rivero's objections are valid. Furthermore, Defendant submitted subsequent requests (Second Set of Requests for Admissions, Exhibit 5) for admission in which referenced e-mails were attached as exhibits, to which Dr. Rivero responded. The subsequent requests indicate a concession to the validity of Dr. Rivero's objections, and this Motion to Compel should have been withdrawn. For these reasons, Dr. Rivero respectfully requests that the court deny the Motion to Compel, award to Dr. Rivero expenses and attorneys' fees in responding to the Motion to Compel per Fed. R. Civ. P. 37, and award such other relief as the Court deems just and proper.

Respectfully submitted,

ERIC D. NORVELL, ATTORNEY, P.A.

 */s/ Eric D. Norvell*
Eric D. Norvell
500 Marquette Ave. NW, Suite 1200
Albuquerque, NM 87102
(505) 717-2857
enorvell@norvellfirm.com
*Attorney for Dennis P. Rivero, M.D.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2017, I caused the foregoing Response to Defendant's Motion to Compel to be served via the Court's CM/ECF filing system to all parties entitled to receive notice and service in this case.

 */s/ Eric D. Norvell*
Eric D. Norvell