IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DENNIS P. RIVERO, M.D.,**

  **Plaintiff,**

v.               Cause No. 16-cv-00318 WPL/SCY

**BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO d/b/a UNIVERSITY OF NEW
MEXICO HEALTH SCIENCES CENTER,**

  **Defendant.**

### RESPONSE TO MOTION FOR PROTECTIVE ORDER

  COMES NOW Defendants Board of Regents of the University of New Mexico ("UNM") by and through their Counsel of Record, Park & Associates, L.L.C. (Alfred A. Park and Lawrence M. Marcus) and hereby files this Response Brief in Opposition to Plaintiff's Motion for Protective Order. For its Response, UNM STATES AS FOLLOWS:

### I.  FACTUAL AND PROCEDURAL BACKGROUND

  Plaintiff Dennis Rivero brought the present suit against UNM, alleging that it required him, as a condition of increased employment hours, to submit to a psychological examination. Plaintiff's alleges that this examination violated the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq*. Plaintiff bases his Rehabilitation Act claim on the fact that the Act incorporates Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), 42 U.S.C. § 12111, *et seq*, to determine whether employment discrimination occurred. 29 U.S.C. § 794(d). The ADA forbids an employer from requiring an employee to undergo a medical examination, except insofar as the examination is job related and consistent with business necessity. 42 U.S.C. §

12112(d)(4) Plaintiff contends that the examination requirement thus violated the Rehabilitation Act. Plaintiff also alleges that UNM revoked an offer of increased employment, and that this revocation also violated the Rehabilitation Act.

Plaintiff's allegations are as follows: Plaintiff alleges that he was employed as an orthopedic surgeon by UNM for fifteen years, and then left to pursue an opportunity in private practice in Oklahoma in 2007. First Amended Complaint, ¶ 13. Plaintiff, however, continued to maintain a relationship with UNM, reducing his employment from full-time to .05% full time equivalent. Id., ¶ 14.  Plaintiff alleges that he attempted to return to full time employment at UNM several months after leaving for Oklahoma. Id., ¶ 15. However, Plaintiff claims that he was denied the opportunity for several years, because of concerns about his level of professionalism. Id., ¶ 22.

According to his Complaint, Plaintiff met with the Chairman of the Department of Orthopedic Surgery and Rehabilitation in December of 2010. Id., ¶¶16, 28.  Plaintiff alleges that he agreed, in order to return to full time status, to attend four counseling sessions to improve his interactions with patients. Id., ¶ 29.  Plaintiff claims that, in February of 2011, he received an Addendum to his employment agreement which required him to undergo psychiatric evaluations. Id., ¶ 32. Plaintiff argues that these psychiatric evaluations were different from the counseling sessions to which he had agreed, and that they are considered medical examinations that are prohibited under the ADA. Id., ¶¶ 46-58.  Plaintiff further alleges that UNM later revoked the offer to extend his hours to full time. Id., ¶ 40. Finally, Plaintiff alleges that he was constructively discharged from his employment at UNM when he unilaterally made the determination, albeit in the face of overwhelming contrary evidence, that the medical examination was not justified. Id., ¶¶ 55-56.

In his initial disclosures, Plaintiff originally sought several categories of damages. However, in his Second Amended and Supplemental Disclosures, he reduced his damages claim to the following:

> A. General Damages (including emotional distress and pain and suffering from stress of challenging false accusations and false insinuation of psychiatric disorder, interference with personal life due to allegations, and damage to reputation and social standing) a. Subject to proof at trial and anticipated to exceed $1 million.
>
> B. Other Special Damages
>     a. Damage to Reputation
>     i. Subject to proof at trial.

Second Amended and Supplemental Disclosures, attached hereto as Exh. A, at 3.

As Plaintiff noted, UNM noticed Plaintiff's deposition for September 15, 2017. UNM is entitled to depose Plaintiff and to obtain any and all information from him that is relevant, or even reasonably calculated to lead to admissible evidence, either regarding UNM's alleged liability or to Plaintiff's claimed damages. UNM included a document request in the notice of deposition, seeking all "all documents pertaining to the case that are in plaintiff's possession that were not submitted by UNM in repose to orders in New Mexico Cause No. 202-CV-2011-08104 or submitted in discovery in the instant case." Plaintiff's Motion at 3. UNM later clarified this request in a series of e-mails. <u>Id.</u> at 3-4. As set forth below, all documents sought by this request, particularly after clarification, pertain to appropriate topics of discovery

## II.  LEGAL GROUNDS FOR DISCOVERY

"For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.

3

R. Civ. P. Rule 26(b)(1).  The relevance standard "has been broadly construed to encompass any matter that bears on, or could reasonably lead to other matters that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Quite simply, these "rules are to be accorded a broad and liberal treatment."  O'Sullivan v. Rivera, 229 F.R.D. 184, 185-86 (D.N.M. 2004) (*citing* Schlagenhauf v. Holder, 379 U.S. 104 (1964)).   If a party does not properly respond to discovery, then the party that propounded the discovery can move to compel, pursuant to Fed. R. Civ. P.  Rule 37.

Similarly, a "party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.  A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.' If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue." McCoo v. Denny's, Inc., 192 F.R.D. 675, 694 (D. Kan. 2000) citing Pulsecard, Inc. v. Discover Card Services, Inc*.,* 168 F.R.D. 295, 310 (D.Kan.1996). As set forth below, Plaintiff has not used reason or common sense.

In the instant case, Plaintiff has objected to a document request seeking information pertaining to UNM's liability, as well as categories of damages that he has claimed in his Initial Disclosures. Based on the above case law, these objections are invalid. This evidence pertaining to damages claims is surely relevant under the liberal discovery standards described above.. Accordingly, they are also relevant to the instant case. Accordingly, Plaintiff must be compelled to supplement his discovery responses.

### III.  APPLICATION OF LEGAL STANDARD TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

As noted above, and as set forth below, Plaintiff's motion for a protective order is without merit, because of the discovery requirements described in the preceding section. The

documents sought by UNM are relevant, and the requests are not vague. As Plaintiff notes, in its attempt to clarify the request, UNM Counsel listed four categories of documents in an e-mail to Plaintiff's counsel. Plaintiff's Motion at 4. While these categories are defined in an e-mail in an informal style, they each clearly delineates documents to which UNM is entitled.

<u>1.      Attempts to return to full-time employment with UNMH. Documents may include correspondence with other individuals other than UNM or Plaintiff's attorneys, applications for other employment, etc. the request is fairly self-explanatory</u>

As noted above, Plaintiff is required to use reason and common sense to determine the meaning of this discovery request. Based on reason and common sense, it is clear that this request seeks documents pertaining to Plaintiff's attempts to return to full time employment. Plaintiff should be able to determine which documents in his possession, if any, pertain to these attempts. The use of the word "etc." merely indicates that the list of examples of document listed was not meant to be exhaustive. Such a non-exhaustive listing of examples of documents is common in discovery requests. Given that Plaintiff bases his entire case on UNM's earlier delays in returning Plaintiff to full time employment, and the subsequent conditions that it placed on this return, documents pertaining to Plaintiff's attempts to return to full-time employment are certainly relevant. Further, Plaintiff is claiming damages for "Damage to Reputation." Applications for other employment are certainly relevant to this claim. Accordingly, Plaintiff must be required to bring this category of documents to his deposition.

<u>2.      Did Dr. Rivero take any notes regarding his meeting(s) with UNMH or correspond with anyone else (other than his attorneys) regarding these meetings?</u>

In the context of the original request, described in the e-mail string of August 22-23, 2017, attached to Plaintiff's Motion as Exh. B, it is clear that UNM is seeking notes taken by Plaintiff, and correspondence between Plaintiff and others, pertaining to his meetings at which he attempted to return to full-time employment. Again, this request is self-explanatory. The term

5

"meetings" has a plain meaning that can be found in the dictionary. Plaintiff is required to use reason and common sense to determine the meaning of the request. Moreover, since these documents concern the basis for Plaintiff's entire case, they are certainly relevant and Plaintiff must be required to produce them.

   3. <u>Again, did Dr. Rivero correspond with anyone else regarding the psychological/psychiatric exam/evaluation? Did he see a psychiatrist at all?</u>

   These documents are clearly relevant, as Plaintiff's main claim under the Rehabiliation Act is the psychological/psychiatric exam requirement offered by UNM as a means for Plaintiff to return to full-time employment. While Plaintiff states, as a given, that the inquiry was imposed without a legitimate business purpose, that statement is far from a given. Information regarding Plaintiff's encounters with psychologists and/or psychiatrists is reasonably calculated to lead to information regarding UNM's legitimate business purpose in requiring the examinations, as well as Plaintiff's possible initial consent to the evaluation. Moreover, Plaintiff seeks psychological damages in the amount of $1 million dollars! Plaintiff's records regarding psychiatric treatment are certainly relevant to his damages claim.

   4. <u>Correspondence with other individuals regarding his resignation, does he have earlier drafts of his resignation letter?</u>

   Plaintiff is correct in that this request seeks two different categories of documents. However, UNM is entitled to the documents in each of these categories. As noted above, Plaintiff made a claim for constructive discharge. The circumstances behind his resignation are all relevant to this claim. If he prepared drafts of his resignation letter, or if he corresponded with other individuals regarding his resignation, those documents are material to the circumstances behind his voluntary separation from his employment at UNMH. Accordingly, Plaintiff must be required to bring all such documents to his deposition.

## IV.  CONCLUSION

Plaintiff's Motion for a Protective Order is entirely without merit. UNM is entitled to all categories of documents sought in its clarification of the Notice of Deposition of Plaintiff.. Accordingly, Defendant Board of Regents of the University of New Mexico respectfully requests that this Honorable Court deny Plaintiff's Motion for a Protective Order, that it require Plaintiff to bring all of the documents described above to his Video Deposition Duces Tecum on September 15, 2017, and for all other relief this Court deems just.

PARK & ASSOCIATES, LLC

   /s/Lawrence M. Marcus
Alfred A. Park
Lawrence M. Marcus
*Attorneys for Defendant Board of Regents of the University of New Mexico*
6100 Uptown Blvd., Suite 350
Albuquerque, NM  87110
(505) 246-2805

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF filing system to all counsel of record on this 6th    day of September, 2017.

 /s/Lawrence M. Marcus
Lawrence M. Marcus