**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DENNIS P. RIVERO, M.D.,**

      **Plaintiff,**

v.                                                                                    Cause No. 16-cv-00318 WPL/SCY

**BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO
d/b/a UNIVERSITY OF NEW MEXICO HEALTH SCIENCES CENTER,**

      **Defendant.**

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

COMES NOW Plaintiff Dennis P. Rivero, M.D. ("Dr. Rivero" or "Plaintiff"), though his attorney of record, and submits this Motion to Compel Discovery and for Sanctions ("Motion") relating to the failure by Defendant Board of Regents of the University of New Mexico ("Defendant") to supplement its discovery pursuant to an Order of this Court. As grounds for this Motion, Dr. Rivero states the following.

**I.     INTRODUCTION**

Dr. Rivero previously filed a Motion to Compel Discovery [Doc. 92, filed June 7, 2017]. A hearing was scheduled for June 21, 2017 to address issues raised in the that motion and in two motions to compel discovery that had been filed by Defendant against Dr. Rivero. [Doc. 68, filed Apr. 24, 2017; Doc. 90, filed June 2, 2017.] The hearing was conducted, and the Court entered Clerk's Minutes [Doc. 106, filed June 21, 2017] and an Order [Doc. 107, filed June 29, 2017] compelling supplementation as to certain written discovery requests.

Plaintiff timely supplemented. Defendant was granted an extension of time to August 9, 2017 to supplement as required by the Court, at which time supplementation was served to Plaintiff. [Doc. 109, Cert. of Service, filed Aug. 9, 2017.] However, Defendant failed to

supplement completely and fully, and its answers were deficient per the Clerk's Minutes and the Order. (*See* Defendant's Second Supplemental Discovery Responses, Exhibit 1, and Defendant's First Supplemental Discovery Responses, Exhibit 2, requests relevant to this Motion.)  Dr. Rivero's counsel, pursuant to Fed. R. Civ. P. 37(A)(1), certifies that he has corresponded in good faith with Defendant's counsel regarding the deficiencies of the supplemental responses to discovery under the Court's Order and Clerk's Minutes. (*See* Good-Faith Letter of Aug. 29, 2017, attached as Exhibit 3.)  The parties conferred by telephone on September 1, 2017, at which time Defendant's counsel agreed to the following:

- Request for Production No. 2:  Inquire further as to the identities of individuals who may have been subject to Mental Examinations[1] and to the extent possible produce documents responsive to RFP No. 2, subject to a protective order requested of Defendant's counsel.
- Interrogatory No. 4:  Supplement to include the word "official" as to the policy for mental examinations.
- Request for Production No. 6:  Supplement to confirm that the only document responsive to RFP No. 6 was provided as a reference to a single bylaw provision provided previously in response to another discovery request.

Dr. Rivero's counsel sent an e-mail on September 1, 2017 confirming the conversation. (E-mail of Sept. 1, 2017, attached as Exhibit 4.)  Additionally, in the meantime, depositions of

---

[1] Mental Examinations are defined broadly in Dr. Rivero's first written discovery requests as "psychiatric examinations and evaluations, psychological examinations and evaluations, and other medical, psychiatric, or psychological examinations aimed at understanding, diagnosing or treating, or involved in the diagnosis or treatment of, processes, disorders, illnesses, or other normal or abnormal mental functions."

certain key individuals were taken during the week of September 11 through 15, 2017.  Dr. Rivero had the opportunity to inquire as to certain deponents' knowledge of identities of persons who may have been subjected to Mental Examinations as requested in RFP No. 2 (correlated with Interrogatory No. 3).  Several deponents—including Dr. Robert Bailey, Dr. David Pitcher, and Dr. Robert Schenck—stated that in fact they had knowledge of individuals who had undergone and/or been referred for Mental Examinations as sought by RFP No. 2 and Interrogatory No. 3.  This information long ago should have been conveyed to Defendant's counsel in response to RFP No. 2 and Interrogatory No. 3.  Dr. Rivero's counsel at deposition orally requested of Defendant's counsel any documents associated with such referrals and examinations, subject to an appropriate protective order.  Defendant's counsel agreed to request and obtain such documents under this stipulation and in compliance with the Court's order as to RFP No. 2.

As of the time of the filing of this Motion, Defendant has not fully supplemented as ordered by the Court or promised in good-faith discussions, which often contained earnest expressions that supplementation would happen in a "couple of weeks."  Therefore, Dr. Rivero seeks an order to reiterating the Order to compel discovery and for a finding of contempt and sanctions under Fed. R. Civ. P. 37(b)(2).

**II.     RELEVANT LAW GOVERNING DISCOVERY**

"If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  "They may include the following . . . (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."  Id.  "Instead of or in addition to

the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### III. DEFICIENCIES IN SUPPLEMENTAL RESPONSES PURSUANT TO ORDER AND CLERK'S MINUTES

**a. Request for Production No. 2**. As stated above, Dr. Rivero seeks documents pertaining to individuals who may have undergone Mental Examinations as a condition of either prospective, continued, or increased employment. This request relates directly to Interrogatory No. 3, which seeks information regarding the same.

Defendant's answer to Interrogatory No. 3 implies that its agents has knowledge of individuals who were required to undergo Mental Examinations. (See Exhibit _.) Indeed, as stated above, this knowledge of such individuals and the types of examinations were confirmed at deposition.[2] (Note that Dr. Rivero did not seek identities of the individuals at deposition but merely facts of their existence, their factual circumstances to the extent available, and an attestation by counsel that it would comply with the Court's order to supplement production as appropriate given the declarations of the witnesses under oath.)

To date, three months after the June 21, 2017 hearing on the Motion to Compel, Defendant has provided no documents as required in compliance with the Clerk's Minutes and the Order. Furthermore, Defendant has been less than forthcoming with production of said information or a form of protective order. Defendant's counsel has expressed an improper personal reservation

---

[2] Transcripts of depositions are still in process. Discussions are based on notes and recollections of discussion at that time, and the record will be supplemented with appropriate excerpts of relevant deposition transcripts.

regarding the trustworthiness of Dr. Rivero as to the information requested, citing no specific evidence for the reservation.  Even Dr. Rivero's willingness to enter into a second binding protective order (a confidentiality order has already been entered in this case) has been met with reluctance.  This hesitancy and the accompanying delay in production of documents give rise to an inference of obstruction.  Dr. Rivero requests that the Court further order that Defendants supplement immediately to comply with the Clerk's Minutes and Order as to RFP No. 2 and impose sanctions for contempt for failure to supplement fully.

    b. **Interrogatory No. 4**. The Clerk's Minutes state, "Defendant will supplement its answer to reflect its statements at today's hearing regarding whether there is an official policy requiring mental examinations." [Doc. 106.] Defendant supplemented to stated there was no "set" policy but has agreed to supplement to specify as to the existence of an "official" policy.  This distinction is critical with respect to the understanding of how Defendant's organization implement decisions regarding required Mental Examination.  To date, Defendant has failed to properly supplement.

    c. **Request for Production No. 6.**  The Clerk's Minutes state that "Defendant will generally point out where the bylaws are" in relation to Interrogatory No. 18 regarding special review meetings.  [Doc. 106.]  As to that interrogatory, the Minutes state "Defendant shall supplement answer to verify that there is no set procedure other than what is stated in the bylaws."

  As stated in the e-mail of September 1, 2017 (Exhibit 4), Defendant has agreed to supplement for the record the particular bylaw referenced in further response to this Request and as specified in the Clerk's Minutes.  This supplementation is critical to closing any door regarding Defendant's organizations written policies in relation to Interrogatory No. 18.  To date, Defendant has not done so.

5

### IV. CONCLUSION

Supplementation of discovery in this case as ordered three months ago has not been completed. Meanwhile, discovery has reached a critical point. Dr. Rivero is going to run out of time to investigate responses and production from Defendant, in particular under RFP No. 2. Production under RFP No. 2 allows for an apples-to-apples comparison of Defendant's application of standards for requiring Mental Examinations. Without this information, Dr. Rivero cannot assess the standards by which he was required to submit to psychiatric examinations as a condition of increased employment. In turn, Dr. Rivero will be prejudiced.

Defendant has had plenty of time to comply with the Order and Clerk's Minutes, but simply has not done so. Several unfulfilled promises to supplement production in a "couple of weeks" and references to the girth of Defendant's organization as reasons for delay have been used as excuses to run out the clock. Such dilatory conduct is improper and should be sanctioned. The fact that Dr. Rivero has not received sufficient responses as to RFP No. 2—the second document request from him in this entire litigation—viewed in light of Defendant's counsel's statements regarding "trust" of Dr. Rivero imply obstructionist motives.

**[CONT'D ON NEXT PAGE]**

WHEREFORE, for the reasons stated above, Dr. Rivero respectfully requests that the Court enter an order:

A. Requiring immediate supplementation of discovery as previously ordered;

B. Imposing sanctions under Fed. R. Civ. P. 37(b)(2)(A) for failure to comply with the Court's Order and Clerk's Minutes, including payment of Plaintiff's costs and attorneys' fees in bringing this motion, denial of defenses, judgment against Defendant, or any other appropriate sanction in the Court's discretion, or an order to show cause as to why such sanctions should not be imposed; and

C. awarding such other relief as the Court deems just and proper.

> Respectfully submitted,
>
> ERIC D. NORVELL, ATTORNEY, P.A.
>
> */s/ Eric D. Norvell*
> Eric D. Norvell
> 2292 Faraday Ave., Suite 70
> Carlsbad, CA 92008
> (760) 452-0808
> enorvell@norvellfirm.com
> *Attorney for Dennis P. Rivero, M.D.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2017, I caused the foregoing Plaintiff's Motion to Compel Discovery and for Sanctions to be served via the Court's CM/ECF filing system to all parties entitled to receive notice and service in this case.

*/s/ Eric D. Norvell*
Eric D. Norvell