IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DENNIS P. RIVERO, M.D.,**

    **Plaintiff,**

v.                                                   **Cause No. 16-cv-00318 WPL/SCY**

**BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO d/b/a UNIVERSITY OF NEW
MEXICO HEALTH SCIENCES CENTER,**

    **Defendant.**

## RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL

COMES NOW Defendant Board of Regents of the University of New Mexico ("UNM") by and through its Counsel of Record, Park & Associates, L.L.C. (Alfred A. Park and Lawrence M. Marcus) and hereby files this Response Brief in Opposition to Plaintiff's Motion to Compel supplementation of UNM's responses to Plaintiff's Third Set of Requests for Production of Documents, Third Set of Requests for Admission, and Second Set of Interrogatories [Doc. No. 137, filed Nov. 22, 2017]. For its Response, UNM STATES AS FOLLOWS:

### I. UNM'S OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR ADMISSION WERE APPROPRIATE

#### A. MUCH OF THE DISCOVERY SOUGHT BY PLAINTIFF IS IRRELEVANT AND NOT REASONABLY CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE

Plaintiff propounded several Interrogatories and Requests for Production that were clearly irrelevant, overly broad, and not reasonably calculated to lead to admissible evidence. As such, they do not meet the threshold of discoverability. As described in further detail below, these discovery requests amounted to nothing more than a "fishing expedition." "Discovery is

not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have a modicum of objective support." U.S. v. 2121 Celeste Road SW, Albuquerque, NM, 307 F.R.D. 572, 582 (D.N.M. 2015). The Advisory Notes to the 2000 Amendments to the Federal Rules of Civil Procedure stated that "[t]he Committee intends that the parties and the court focus on the *actual claims and defenses involved in the action*." Fed. R. Civ. P. Rule 26 Advisory Committee Notes, cited in 2121 Celeste Road, 307 F.R.D. at 584. As set forth below, Plaintiff propounded several discovery requests that are tangentially connected, at best, to Plaintiff's claims. Accordingly, they are irrelevant. UNM's objections should be upheld, and Plaintiff's Motion should be denied.

### B. MUCH OF THE DISCOVERY SOUGHT BY PLAINTIFF SEEKS LEGAL CONCLUSIONS

Moreover, a substantial amount of the discovery sought by Plaintiff seeks legal conclusions. This is improper, especially as it pertains to requests for admission. "It is still true...that one party cannot demand that the other party admit the truth of a legal conclusion." Disability Rights Council v. Washington Area Metropolitan Transit Auth., 234 F.R.D. 1, 3 (D.D.C. 2006) (holding that requests for admissions to transit authority regarding its duties under regulations were impermissible requests for legal conclusions). *See also* Tulip Computers Intern. B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2002) (requests pertaining to the validity of patents or whether a particular process or device infringed a patent were impermissible requests for legal conclusions). As set forth below, many of Plaintiff's requests sought legal conclusions. UNM is not required to respond to them, so its objections should be upheld. Plaintiff's Motion should be denied as to these requests.

## II. APPLICATION OF LEGAL PRINCIPLES TO SPECIFIC DISCOVERY REQUESTS

As set forth below, the legal principles discussed above can be applied to each of the discovery requests mentioned in Plaintiff's Motion to Compel:

<u>RFP No. 17/ Interrogatory No. 24</u>.  These discovery requests seek confidential information pertaining to two non-party physicians identified by Plaintiff's department chair as constituting the top three causes for complaints in the department.  Contrary to Plaintiff's contentions, Plaintiff is not entitled to this information. While the Court did previously allowed discovery of documents pertaining to other physicians who were required to undergo mental examinations, these documents were only to be reproduced subject to the agreement of the parties to a new, stronger protective order. Clerks Minutes [Doc No. 106, entered June 21, 2017], at 2 (under the heading of Request for Production No. 2). Plaintiff's counsel understood this, and withdrew his request for these documents because he did not believe that the parties would ever agree to a new protective order. Eric Norvell E-mail of Oct. 20, 2017, attached hereto as Exh. A.

Moreover, the identities of the two other physicians referenced by Dr. Schenck in his "Investigative Notes" are irrelevant to the instant action. UNM has already disclosed that other medical staff members have been required to undergo mental evaluations, so Plaintiff cannot claim that he has been singled out, as he asserts in his Motion. UNM's Second Supplemental Responses to Plaintiff Dennis Rivero's First Set of Interrogatories, First Requests for Production of Documents, and First Requests for Admission, attached hereto as Exh. B, at 2-3.

Moreover, absolute consistency regarding medical evaluations is not required.  Plaintiff has cited no authority that would indicate that, when an institution requires an employee to undergo a medical evaluation on the grounds that the evaluation is "job related," it is proper to compare the employee to other employees. It is not necessary that all employees be treated

exactly the same. Under the Americans with Disabilities Act and the Rehabilitation Act, "[a]n employer may request that an employee undergo a medical examination where the employer had a reasonable basis for believing that [the employee] was unable to perform the essential functions of her job or that [he] posed a direct threat to [his] own safety or the safety of others." Krevinghaus v. Hills & Dales Gen. Hosp., Inc., 190 F. Supp. 3d 694, 702 (E.D. Mich. 2016) (citations omitted). *See also* Adair v. City of Muskogee, 823 F.3d 1297, 1312-13 (10th Cir. 2016) (noting that an employer can require a medical examination if the employer has "evidence that would cause a reasonable person to inquire as to whether an employee is still capable of performing his job")

This "reasonable basis" test does not require perfect consistency. In fact, in the admittedly different context of constitutionality, the "reasonable basis" test allows for a statute to be overinclusive or underinclusive. *See, e.g.,* Spencer v. Utah State Bar, 293 P.3d 360, 368 (Utah 2012), *citing* Vance v. Bradley, 440 U.S. 93, 108 (1979). In any event, UNM had ample evidence to reasonably believe that Plaintiff was unable, at least under certain circumstances, to conduct interactions with patients and co-workers in a civil and professional manner. *See,e.g.,* UNM's Motion for Summary Judgment [Doc. No. 139, filed Dec. 5, 2017]. It is unnecessary to further analyze UNM's relationship with employees other than Plaintiff to make that determination. It is certainly not necessary to violate the privacy of other UNM physicians for the purpose of this analysis. Therefore, the undue burden that these requests place on UNM and its physician employees far outweighs any marginal relevance of the requests. Accordingly, Plaintiff's Motion to Compel must be denied as to RFP No. 17 and Interrogatory No. 24.

RFP No. 20: In his Motion, Plaintiff mischaracterized this RFP. While Plaintiff states that this RFP "seeks in this request unredacted copies of the names of patients submitting complaints

and documents exonerating Dr. Rivero with reference to such complaints," the actual text of the RFP requests "unredacted copies of all documents containing redactions that were produced in this action or the Mandamus Action to the extent redaction is not for the purpose of attorney-client privilege." Exh. 1 to Plaintiff's Motion, at 3. Copies of documents containing unredacted copies of names of patients are a small portion of this request. The vast majority of documents responsive to the request concern other physicians who were reviewed by UNM's credentialling committee or medical executive committee. An example of this type of document is attached hereto as Exh. C.  These documents are irrelevant to this instant action, and protected by the New Mexico Review Organizations Immunity Act ("ROIA"), N.M.S.A. § 41-9-1 *et seq*. If Plaintiff had stated that he seeks unredacted copies of certain specific bates numbered documents, then this would be closer to Plaintiff's claimed version of the RFP, and would at least allow for a response that is not barred by ROIA.

Moreover, even if the scope of the RFP were reduced to refer only to documents pertaining to patient complaints, it would still seek documents that are protected by HIPAA, as well as by state patient privacy statutes. In his Motion, Plaintiff has indicated an intent to use these unredacted documents at a public trial, which would result in the divulging of the documents to the public.  Accordingly, even under this dramatically restricted version of the original RFP, the documents are privileged.

RFP No. 22: Contrary to Plaintiff's contentions, this RFP is not sufficiently specific. The RFP seeks "all documents that are or pertain to complaints from any other hospitals where Dr. Rivero worked." It is not limited to Complaints concerning Plaintiff. Moreover, any such complaints are not "obviously relevant" or relevant at all. As noted above, UNM merely needed to have a reasonable basis to believe that Plaintiff was unable to do his job at UNM, and UNM

had such a basis. Plaintiff's ability to do whatever jobs he held at other hospitals is not material to that analysis.

RFA No. 13/Interrogatory. No. 25: UNM partially answered this Request for Admission, which was propounded in three parts. UNM admitted RFA No. 13a., which asked for admission that the referenced bates numbered documents were "true, correct, and genuine copies of the documents that they purported to be." Because it was an admission, it did not trigger a requirement to answer Interrogatory No. 25. UNM was not required to answer RFA No. 13b., which asked for admission of "the genuineness and authenticity" of these documents. That is simply another way of saying that the documents were true, correct, and genuine. Therefore the RFA is cumulative. Likewise, UNM was not required to answer RFA No. 13c. As noted above, a party may not be permitted to admit a legal conclusion. Plaintiff is apparently attempting to require UNM to admit that the documents in question are admissible under the "business records," or "records of regularly conducted activity" exception to the hearsay exclusion. However, in so doing, Plaintiff is asking UNM to interpret the Federal Rules of Evidence. Such an interpretation is a question of law. *See, e.g.,* U.S. v. Walker, 117 F.3d 417, 419 (9th Cir. 1997). Accordingly, UNM is not required to respond to this RFA.

RFA No. 17: UNM admitted this RFA. The RFA sought an admission that Plaintiff was required to agree to Paragraph 7 of the Addendum in question as a condition of returning to 0.75 Full Time Equivalent or higher. UNM asserted a relevance objection. As set forth below regarding RFA No. 18 and Interrogatory No. 28, this objection was valid, and UNM reasserts it in this Response. However, without waiving this objection, UNM admitted that Plaintiff was required to agree to the entire Addendum, including Paragraph 7. Accordingly, UNM has adequately responded to the RFA, so it is not proper grounds for a Motion to Compel.

RFA No. 18: UNM's objections to this Interrogatory are valid. Plaintiff seeks an admission that Paragraph 7 of the Addendum at issue required him to relinquish all legal recourse against UNM. This is certainly a legal conclusion. As noted above, in Tulip Computers, requests for admission regarding the validity and infringement of a patent were considered to be legal conclusions. 210 F.R.D. at 108. Like the requests for admission in Tulip Computers, RFA No. 18 seeks admissions regarding the rights, or lack thereof, that a party has pursuant to a document. Moreover, the "[i]nterpretation of an unambiguous contract is a question of law." In Re Kaiser Steel Corp., 998 F.2d 783, 789 (10th Cir. 1993). The Addendum in question speaks for itself. Plaintiff is requesting an admission concerning its legal interpretation, to which he is clearly not entitled.

Moreover, the question of whether the Addendum required Plaintiff to relinquish all legal recourse is not at issue in the instant case. Plaintiff brought this action on the grounds that the Addendum required him to undergo a psychological evaluation, and that this evaluation violated the Rehabilitation Act. The psychological evaluation was not described in Paragraph 7 of the Addendum. Moreover, Plaintiff has not cited any authority that would indicate that a request that an employee agree to an unfavorable contract violated the Rehabilitation Act. Moreover, Plaintiff's Amended Complaint does not allege that Paragraph 7 of the Complaint violated any statutory or common law. Plaintiff is effectively attempting to use a Motion to Compel to further amend his complaint to assert a claim regarding the alleged relinquishment of his legal rights. Plaintiff is attempting to make this amendment very late in the litigation and without any legal grounds to do so. Plaintiff's Motion to Compel must be denied.

Interrogatory. No. 28:  This Interrogatory is similar to, and even more objectionable than, RFA No. 18. Rather than seeking an admission of the legal conclusion sought by RFA No. 18,

this Interrogatory simply assumes the conclusion to be true. An answer to this Interrogatory would be a tacit admission of this conclusion by UNM. As noted above, UNM is not required to admit this legal conclusion. Secondly, as noted above, Paragraph 7 of the Addendum is not relevant to this case. Contrary to Plaintiff's contentions, the entire Addendum is not at issue. As noted above, Plaintiff bases his Rehabilitation Act claim on the psychological evaluation requirement in the Addendum, rather than on any other provisions. As noted above, Plaintiff must not be permitted to amend his complaint by means of a Motion to Compel.

Ongoing Discovery Responses: UNM does not need to supplement documents pertaining to its Answers to Interrogatories or denials of Requests for Admission. UNM has objected to all interrogatories, and objected to or admitted all Requests for Admission, in the set of discovery requests at issue. Accordingly, Plaintiff's request for supplementation is without merit.

Intent to Supplement: Finally, UNM is currently working to locate a copy of the e-mail described by Dr. Andrew Paterson in his deposition, and it is attempting to determine whether it has responded to Request for Production No. 18 in full. Accordingly, UNM respectfully states that an Order compelling supplementation regarding these documents is unnecessary, as it fully intends to comply with these two requests.

## IV. CONCLUSION

UNM has responded to all discovery requests described in Plaintiff's Motion to Compel, either with appropriate objections and/or with full Answers or Responses. Accordingly, UNM respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel, and for all other relief the Court deems just.

                                        PARK & ASSOCIATES, LLC

                                          /s/ Lawrence M. Marcus_____
                                        Alfred A. Park
                                        Lawrence M. Marcus
                                        *Attorneys for Defendant Board of Regents of the University of New Mexico*
                                        6100 Uptown Blvd., Suite 350
                                        Albuquerque, NM  87110
                                        (505) 246-2805

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF filing system to all counsel of record on this   6th    day of December, 2017.

 /s/    Lawrence M. Marcus_____
Lawrence M. Marcus