IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DENNIS P. RIVERO, M.D.,**

      **Plaintiff,**

v.                                                            Cause No. 16-cv-00318 JB/SCY

**BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO d/b/a UNIVERSITY OF NEW
MEXICO HEALTH SCIENCES CENTER,**

      **Defendant.**

**DEFENDANT UNIVERSITY OF NEW MEXICO BOARD OF REGENTS' RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT AND EXCLUDE USE OF THE TERM "PSYCHOLOGICAL" IN REFERENCE TO "PSYCHIATRIC" EVALUATIONS**

COMES NOW Defendant Board of Regents of the University of New Mexico ("UNM"), by and through its Counsel of Record, Park & Associates, L.L.C. (Alfred A. Park and Lawrence M. Marcus), and hereby files this Response Brief In Opposition To Plaintiff's Motion In Limine To Prohibit And Exclude Use Of The Term "Psychological" In Reference To "Psychiatric" Evaluations. For its Response, UNM STATES AS FOLLOWS:

**I.  THE CONNOTATIONS OF THE TERM "PSYCHOLOGICAL" ARE RELEVANT TO UNM'S DEFENSE THAT PLAINTIFF WAS NOT REGARDED AS DISABLED**

Contrary to Plaintiff's contention, UNM's use of the term "psychological," to describe the examination that UNM required Plaintiff undergo as a condition of a return to near full-time employment, is appropriate. Plaintiff is correct in that the terms "psychological" and "psychiatric" have different meanings, in both the connotative and the denotative senses. As set forth below, the differences between the terms, in the denotative sense, are not substantial. Moreover, the connotation of the term "psychological" is more relevant to UNM's defense, that

Plaintiff was not regarded as disabled, and is a more accurate description of UNM's intentions when it required Plaintiff to submit to the evaluations at issue as a condition of increased hours of employment.

Under the Federal Rules of Evidence, Evidence is relevant if:

**(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and

**(b)** the fact is of consequence in determining the action

Fed. R. Evid. R. 401

In the instant case, the question of whether Plaintiff was regarded as having a disability is of consequence in determining whether Plaintiff was constructively discharged. Plaintiff has no real evidence that UNM perceived him to be disabled. In fact, UNM officials noted that Plaintiff was not disabled. *See, e.g.,* Robert Schenck Letter of May 2, 2012, attached as Exh. I to UNM Motion and Memorandum for Summary Judgment [Doc. No. 143, filed Dec. 8, 2017]. It is true that UNM attempted to require that Plaintiff undergo an examination by a board certified psychiatrist as a condition of increased hours. However, psychiatry and psychology are, in actuality, very similar.

> In function, clinical psychology overlaps a number of fields. The profession to which it is most closely related is psychiatry. Psychiatrists, although members of a medical specialty whose training includes medical school, general internship,and three years of psychiatric residency, have more in common with clinical psychologists than with other physicians.

http://www.encyclopedia.com/medicine/psychology/psychology-and-psychiatry/clinical-psychology, attached hereto as Exh. A.

The main difference between psychologists and psychiatrists is that the latter can prescribe drugs. However, nothing in the Addendum in question indicates that UNM believed

2

that Plaintiff needed drugs. While UNM did require Plaintiff to be evaluated by a psychiatrist, the professions are very similar to each other, with the terminology almost interchangeable. While UNM does operate a hospital, the only mental health professional who even saw a draft of the Addendum was Dr. Robert Bailey, who does not recall participating in the drafting of the Addendum. Deposition of Dr. Robert Bailey, attached hereto as Exh. B, P. 16, ll. 5-7. UNM can be forgiven for using imprecise language in the Addendum, especially considering well settled precedent stating that "the use (or misuse) of mental health terminology" generally does not establish that the employer in question believed that the employee suffered from an impairment. Lanman v. Johnson City, Kan., 393 F.3d 1151, 1157 (10th Cir. 2004).

While the actual meanings of the terms "psychology" and "psychiatry" are very similar, to many fact-finders, the connotations are different enough that UNM should be allowed to use the term "psychological" rather than "psychiatric." The term "psychological" has a more neutral connotation, with an application to the general population. However, the term "psychiatric" connotes the idea of a person with a severe mental impairment. When a person is committed to a mental health facility, for instance, it is said that the person was placed in a "psychiatric facility," rather than a "psychological facility." UNM wishes to demonstrate that it did not believe that Plaintiff had such an impairment, and was merely trying to correct unprofessional behavior on Plaintiff's part. Accordingly, the use of the term "psychological," to describe the required evaluation, is relevant to UNM's defense to Plaintiff's constructive discharge claim, and should be permitted.

## II. THE USE OF THE WORD "PSYCHOLOGICAL" DOES NOT CREATE THE RISK OF UNDUE PREJUDICE AGAINST PLAINTIFF

Finally, contrary to Plaintiff's contention, the probative value of the use of the term "psychological" is not substantially outweighed by any danger of unfair prejudice. The Federal

Rules of Evidence state that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. R. 403.  Significantly, in order to be excluded, the danger of unfair prejudice of the evidence in question must not only outweigh the evidence's probative value, it must *substantially* outweigh the prejudice: "it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. The United States Court of Appeals for the Tenth Circuit has reminded district courts that they should be mindful that exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." S.E.C. v. Goldstone, 233 F. Supp. 3d 1149, 1166 (D.N.M. 2017).

In Goldstone, this Court held that "[e]vidence is not unfairly prejudicial merely because it damages a party's case. Rather, to be unfairly prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id. at 1166. In the instant case, as noted above, the term "psychological" has a more neutral connotation. It is the term "psychiatric" that is more likely to trigger an emotional response among fact-finders. Accordingly, UNM's use of the word "psychological" should not be excluded on the grounds of prejudice.

### III. CONCLUSION

UNM's use of the term "psychological" is relevant to its defense that it did not consider Plaintiff to be disabled. Moreover, the use of the term is clearly not prejudicial to Plaintiff. Accordingly, Defendant Board of Regents of the University of New Mexico respectfully requests

that this Honorable Court deny Plaintiff's Motion In Limine To Prohibit And Exclude Use Of The Term "Psychological" In Reference To "Psychiatric" Evaluations.

        PARK & ASSOCIATES, LLC

        /s/Lawrence M. Marcus
Alfred A. Park
Lawrence M. Marcus
*Attorneys for Defendant Board of Regents of the University of New Mexico*
6100 Uptown Blvd., Suite 350
Albuquerque, NM  87110
(505) 246-2805

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF filing system to all counsel of record on this 12th day of January, 2018.

/s/Lawrence M. Marcus
Lawrence M. Marcus