IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS P. RIVERO, M.D.,

        Plaintiff,

vs.                                                CIVIL NO. 16-cv-00318 JB-SCY

BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO
d/b/a UNIVERSITY OF NEW MEXICO HEALTH SCIENCES CENTER,

        Defendant.

**REPLY IN SUPPORT OF MOTION IN LIMINE
TO PROHIBIT AND EXCLUDE USE OF THE TERM "PSYCHOLOGICAL" IN
REFERENCE TO "PSYCHIATRIC" EVALUATIONS**

        COMES NOW Plaintiff Dennis P. Rivero, M.D. ("Plaintiff" or "Dr. Rivero"), through his counsel of record, and submits this Reply in Support of Motion in Limine to Prohibit and Exclude Use of the Term "Psychological" in Reference to "Psychiatric" Evaluations. As grounds for the Reply, Dr. Rivero submits the following.

        Defendant Board of Regents of the University of New Mexico d/b/a University of New Mexico Health Sciences Center ("Defendant," "UNM," or "UNMHSC") filed its Response Brief in Opposition to Dr. Rivero's Motion in Limine to Prohibit and Exclude Use of the Term "Psychological" in Reference to "Psychiatric" Evaluations [Doc. 157, "Response to MIL," filed Jan. 12, 2018]. The Response to MIL provides no genuine, persuasive reason to permit it to use the term "psychological" in reference to the illegal medical evaluations imposed in the primary document at issue in this case, the Addendum. In fact, in its attempts to justify the use of the loaded term "psychological," Defendant's arguments support Dr. Rivero's motion to exclude its use as unfairly prejudicial.

        Rule 403 provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Under Rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. *Coffey v. United States*, No. CIV 08-0588 JB/LFG, 2012 U.S. Dist. LEXIS 67261, at *7-8 (D.N.M. May 8, 2012) (*citing United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989)). Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter. *Id.* at *9. "[T]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* at *10.

UNM attempts to argue that it should be permitted to employ the term "psychological" because that term has a more neutral connotation than "psychiatric." (Response to MIL at 3.) UNM admits that because "psychiatric" implies a "severe mental impairment."[1]  (*Id.*)  Thus, according to Defendant, the term "psychiatric" is more likely to trigger an emotional response among fact-finders and is therefore prejudicial. (*Id.*) Defendant's argument is upside down. Any negative implication (framed here as "prejudice") was created by Defendant in populating the Addendum with the word "psychiatric" and all the weight of its meaning, denotatively and connotatively. Any damage to Defendant at trial, then, will be wrought by its own words, not by any devising of Dr. Rivero. The Addendum says what it says—"psychiatric evaluations"—and Defendant should not be able to introduce a softer term merely because it regrets how it drafted the document. Indeed, the improper emotional basis that Defendant attempts to conjure is not one

---

[1] Plaintiff requests that the Court consider this statement an admission by UNM with respect to its Amended Motion for Summary Judgment against Dr. Rivero on all claims. [Doc. 143, filed December 8, 2017.] This knowing implication indicates the overbreadth and illegality of the Addendum.

that heightens the emotions, but one that unduly mitigates the implication of the word that UNM chose to employ: "psychiatric." It is unfair to portray the Addendum's terms as anything but what they are: a demand for a four-part psychiatric—not psychological—evaluation.

Additionally, UNM asserts in its Response that its use of the term "psychological" in discovery seeks to correct "imprecise language in the Addendum." (Response to MIL at 3.) This novel argument should be discarded wholesale. In no other paper before its Response to MIL— not in any Court filing, not in discovery—does UNM ever state that its language in the Addendum was "imprecise." A review of the Addendum itself reflects a detailed and rigorous document intended to impose a battery of four psychiatric examinations on Dr. Rivero, onerous requirements to return to .75 FTE, payment requirements, disclosure of protected health information to third parties, agreements to medical treatment, *ad hoc* termination reconstituted as resignation, and a waiver of all of Dr. Rivero's rights, including constitutional rights. The Addendum was apparently drafted by the UNM legal department—a substantial team of licensed attorneys—in conjunction with the UNM Health Sciences Center—an enormous aggregation of physicians and other medical professionals. (*See* Addendum attached hereto as Exhibit 1, with signatures of UNMHSC administrators and lead attorney of Health Law Group.) The layman's excuse of "imprecision" is meritless given UNM's position as a singularly sophisticated institution. The choice of "psychiatric evaluations" was deliberate, as were all other terms of the Addendum, and UNM is merely trying to cover up its deliberate conduct with a more "neutral" term.

Defendant disingenuously cites to a Tenth Circuit case to excuse itself from suffering the consequences of its choice of "psychiatric" as the term at issue here. Defendant alleges that *Lanman v. Johnson County* supports "well settled precedent" that "the use (or misuse) of mental health terminology" does not establish that an employer believed the employee suffered an

impairment.  393 F.3d 1151 (10th Cir. 2004).  In *Lanman*, however, the "misuse" was the informal bandying of dubiously good-natured jibes ("nuts" or "crazy") from non-supervisory colleagues. *Id*. at 1157. It was not the formalized contractual language in the Addendum drafted by the most highly educated professionals in supervisory and management positions.  *Lanman* is inapposite, and Defendant's use of it is misleading.

UNM also attempts to persuade the Court to permit use of the term "psychological" because it is useful to its defense against constructive discharge.  (Response to MIL at 3.)  UNM states that it "wishes to demonstrate that it did not believe that Plaintiff" had a "severe mental impairment," despite elsewhere in the Response to MIL admitting that the term "psychiatric" implies "severe mental impairment."  (*Id*.) With this argument, UNM asks the Court to permit it to create facts out of thin air to suit its defense and to evade the liability that comes with the facts that actually <u>do</u> exist.  Such a request insults the principles of justice and is no different than seeking leave of the Court to present a false document or perjurious testimony.  UNM should not be permitted to use the term "psychiatric" fifteen (15) times in the Addendum—and never once mention the word "psychological"—and then, when that particular word in its context exposes Defendant to liability, suddenly claim that it meant "psychological" because that that's a better word for its defense.  By this tactic, UNM seeks that the Court officially permit a prejudicial term than does not reflect the severity of the Addendum produced by UNM.

Finally, Defendant also argues that "psychiatry and psychology are . . . very similar." (Response at 2.)  This is subjective argumentation underpinned not by peer reviewed scientific fact, or even by any testimony from among the plethora of physicians at UNM, but by a general online reference.  This appears to be an attempt to argue that UNM excusably used sloppy language in the Addendum when referring to "psychiatric examinations" because the fields are similar.

Again, this argument is specious, and Dr. Rivero has addressed the differences in the MIL itself. Additionally, as stated above, a review of the Addendum on its face betrays the rigor, severity, and precision with which its language was chosen.

In conclusion, Dr. Rivero will be unfairly prejudiced by UNM's use of the term "psychological" because it is not a word that is present anywhere on the Addendum and unduly mitigates the actual severity of the face of the Addendum and the intent of UNM to impose an illegal medical inquiry upon him. Additionally, by arguing for its unrestrained usage, Defendant is essentially requesting that the Court permit the wholesale fabrication of new facts that suit its defense rather than using facts in the record. Defendant wants to rewrite the Addendum with different words because it suits them better. Dr. Rivero has been stuck with the ignominious implication of a (nonexistent) mental impairment arising from UNM's harsh diction. UNM in turn should not be permitted to evade reciprocal consequences by whitewashing its own choice of words.

Dr. Rivero requests that the Court enter an order prohibiting Defendant from referencing prohibiting and excluding the use of the term "psychological" in reference to the "psychiatric" evaluations demanded and required by the Addendum, and for such other relief as the Court deems just and proper.

Respectfully submitted,

ERIC D. NORVELL, ATTORNEY, P.A.

*/s/ Eric D. Norvell*
Eric D. Norvell
2292 Faraday Ave., Suite 70
Carlsbad, CA 92008
(760) 452-0808
enorvell@norvellfirm.com
*Attorney for Dennis P. Rivero, M.D.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 7, 2018, I caused the foregoing Reply in Support of Motion in Limine to Prohibit and Exclude Use of the Term "Psychological" in Reference to "Psychiatric" Evaluations to be served via the Court's CM/ECF filing system to all parties entitled to receive notice and service in this case.

*/s/ Eric D. Norvell*
Eric D. Norvell