IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS P. RIVERO, M.D.,

        Plaintiff,

vs.                                                                  CIVIL NO. 16-cv-00318 JB-SCY

BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO
d/b/a UNIVERSITY OF NEW MEXICO HEALTH SCIENCES CENTER,

        Defendant.

## MOTION TO RECUSE THE HONORABLE JAMES O. BROWNING

COMES NOW Plaintiff Dennis P. Rivero, M.D. ("Dr. Rivero" or "Plaintiff"), through his attorney of record, and submits this Motion to Recuse the Honorable James O. Browning ("Motion"). Pursuant to D.N.M.LR-Civ. 7.1(a), Plaintiff has inquired as to whether Defendant opposes the relief requested by this Motion, and as of the time of filing, Defendant's counsel has not responded to the inquiry. As grounds for this Motion, Dr. Rivero states the following.

**I.**       **INTRODUCTION**

This Motion requests that the trial judge in this matter, the Honorable James O. Browning, U.S. District Judge for the District of New Mexico ("Judge Browning"), recuse himself from the instant case pursuant to 28 U.S.C. § 455. As a basis for this Motion, the movant does <u>not</u> assert that Judge Browning lacks the judicial integrity that accompanies the stature of his office or the status of his high reputation. Rather, the movant seeks to protect the judge and this proceeding from the outward appearance of which impartiality might reasonably be questioned and, in turn, protect the integrity of any decision, ruling, or verdict entered in this case.

The foundations of the American system of justice rest, in significant part, on the public's perception of an impartial judiciary, and the legal standard for recusal of a federal judge from a matter is not subjective. Rather, the law commands an objective assessment of whether a non-

party, standing at arm's length from the participants in the case, might reasonably question impartiality under the circumstances. While even the most sensible jurist of the highest reputation may determine that the likelihood of deviating from impartiality is negligible, the outward appearance of impartiality to the public may differ from that determination, invoking an objectively reasonable question of impartiality.

Canon 1 of the Code of Conduct for United States Judges (the "Code of Conduct")[1] states:

> "An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved."

Corollary to Canon 1 is the oft-recited proscription in Canon 2, that judges should refrain from not only express impropriety but the <u>appearance</u> of impropriety. The appearance of impropriety may exist where no actual impropriety is present or has occurred. *See, e.g., In re Hathaway Ranch P'ship*, 116 B.R. 208, 214 (Bankr. C.D. Cal. 1990) (stating that judges seek to avoid impropriety "even if no impropriety or bias exists"). The Code of Conduct also acknowledges that "[a] judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen." Code of Conduct, Canon 2A. Indeed, as stated by one court, "The problem is that people who have not served on the bench are often all too willing to indulge suspicions and doubts concerning

---

[1] "The Code of Conduct for United States Judges was adopted by the Judicial Conference of the United States in 1973." *United States v. Microsoft Corp.*, 346 U.S. App. D.C. 330, 253 F.3d 34, 111 (2001). "It prescribes ethical norms for federal judges as a means to preserve the actual and apparent integrity of the federal judiciary." *Id*. (emphasis added).

the integrity of judges." *United States v. Moskovits*, 866 F. Supp. 178 (E.D.Pa. Sept. 2, 1994) (internal punctuation omitted).

As a general proposition, such are the reasons that Dr. Rivero requests that Judge Browning recuse himself from the instant case. The disclosures by Judge Browning as to his relationship with the University of New Mexico and its Regents give rise to an objectively reasonable question of impartiality. An objective assessment and the accompanying perception exist irrespective of the self-determined ability to remain impartial. Therefore, to protect the integrity of the outcome of this case for all parties involved in it, and because Judge Browning has issued no rulings in this case as of the filing of this Motion, recusal is proper.

## II.     FACTUAL BACKGROUND

On April 19, 2016, Dr. Rivero filed his initial complaint in this matter, asserting claims against Board of Regents of the University of New Mexico ("Defendant" or "UNM" or "Board of Regents") under the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.*, and setting out the factual bases that comprise the claims that currently remain at issue before the Court. [Doc. 1, "Original Complaint."] The Honorable William P. Lynch, United States Magistrate Judge, was assigned to conduct dispositive proceedings in the instant case. [Doc. 2, text-only entry entered on April 20, 2016.] All parties consented to Judge Lynch as presiding judge for said purposes. [Doc. 9, text-only entry entered on May 17, 2016; Doc. 13, text-only entry entered on June 6, 2016.] Ultimately, Dr. Rivero filed a First Amended Complaint to Recover Damages for Violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* and 790 *et seq.* [Doc. 28, FAC, filed Sept. 9, 2016.] Claims within the FAC survived a Motion to Dismiss [Doc. 33, filed Oct. 7, 2016] based primarily on statute of limitations grounds, with Judge Lynch finding claims to be properly

and timely filed due to the central fact that UNM had withheld Dr. Rivero's credentialing file until January 2014.

On September 5, 2017, after the retirement of Judge Lynch, the case was randomly reassigned to the Honorable Jerry H. Ritter, United States Magistrate Judge, to conduct dispositive proceedings. [Doc. 115, text-only entry.] Defendant UNM did not consent to Judge Ritter to preside over dispositive aspects of this case, and the case was reassigned to Judge Browning. [Doc. 123, text-only entry entered on October 3, 2017.] By the time of Judge Browning's appointment, the discovery period was one month from terminating, and the parties were preparing to file dispositive motions. [Doc. 77, Order Amending Case Management Deadlines, filed May 12, 2017.]

On January 23, 2018, Judge Browning entered into the Court docket a letter that was served to all parties to this case. The letter disclosed associations with Defendant Board of Regents of the University of New Mexico. [Doc. 163, hereinafter "First Disclosure Letter."] The First Disclosure Letter informed the parties, *inter alia*, of the following associations:

- o Judge Browning has taught a one-semester class in religious liberty on five previous occasions at the University of New Mexico School of Law, including as recently as the fall semester of 2017. (First Disclosure Letter at 1.)
- o In the fall of 2017, Judge Browning invited law students to his or his co-teachers home for the last class and "food, and refreshments." (*Id*. at 2.)
- o Judge Browning's pay for teaching in the fall of 2017 was reassigned/reallocated to a law student, who is provided by the UNM law school to assist him in writing a law review article under his authorship. (*Id*.)

- o   The law student was offered and accepted Judge Browning's offer to clerk for him in 2019-2020.  (*Id.*)

In conclusion of the First Disclosure Letter, Judge Browning stated that he believed that he could be fair and impartial and saw no reason to recuse himself.  (*Id.*)

In the interim litigation period after the First Disclosure Letter, the Parties each filed dispositive motions. [*See* Docs. 143 and 144, filed Dec. 8, 2017.]  After completion of briefing, Judge Browning provided notice of a telephonic hearing for June 6, 2016 to address, among other things, the dispositive motions filed by the parties.  [Doc. 196, text-only entry, Notice of Hearing.]  Due to a scheduling conflict with one of the parties, the hearing on the dispositive motions was rescheduled for open court on June 26, 2018.  [Doc. 198, Notice of Nonconsent to Telephonic Appearance, entered May 10, 2018; Doc. 199, text-only entry, Notice of Hearing on Motion, entered May 10, 2018.]

On Friday, June 22, 2018, four days prior to the scheduled hearing on dispositive motions, Judge Browning issued a second letter disclosing associations with Defendant.  [Doc. 200, hereinafter "Second Disclosure Letter."]  In the Second Disclosure Letter, Judge Browning informed the parties of further associations with Defendant, with additional facts and details not in the First Disclosure Letter, including:

- o   Judge Browning's waiver of pay for teaching the one-semester religious liberty class in three previous instances may have been treated as a donation to the UNM law school or to the UNM Foundation. (Second Disclosure Letter at 1.)
- o   Judge Browning has been acquainted with different Regents from the Board of Regents over the years, including the current President of the Board of Regents, Robert M.

>    Doughty III, who attended a dinner party at Judge Browning's home a few years ago. (*Id*. at 2.)
>
> o  Judge Browning was also acquainted with Garrett Adcock, the UNM Student Regent for 2017-2018, who served as a judicial extern for Judge Browning and who invited Judge Browning to his UNM law school graduation. (*Id*.)

Additionally, the Second Disclosure Letter did not require that any objections to Judge Browning's associations be posited before the pending dispositive motions hearing on June 26, 2018. Rather, it stated that Judge Browning wanted "everyone . . . to be fully informed about and comfortable with his participation in the case." (*Id*.)

One business day later, on Monday, June 25, 2018, Judge Browning's assistant phoned counsel for Plaintiff and left a message asking if counsel had received the Second Disclosure Letter. (Aff. of Dennis P. Rivero, M.D. ¶ 2, attached hereto as Exhibit A.) At that point, Dr. Rivero had the opportunity to review the Second Disclosure Letter only once without sufficient time to reflect upon the disclosures. (Rivero Aff. ¶ 3.) Dr. Rivero had long since booked his travel plans from Oklahoma and was proceeding to travel to New Mexico for the hearing the next day on the dispositive motions. (Rivero Aff. ¶ 4.) As a consequence, Dr. Rivero's counsel informed the Judge's assistant that Dr. Rivero would proceed without discussion of the Second Disclosure Letter. (Rivero Aff. ¶ 5.)

The dispositive motions hearing was held on June 26, 2018 at 8:30 a.m. in the Vermejo Courtroom of the New Mexico Federal District Court, one and one-half business days after the Court sent the second disclosure letter. [Doc. 199; Doc. 201, Clerk's Minutes, filed June 26, 2018.]

### III. LEGAL STANDARD

Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). The test is one of objective reasonableness, that is, whether the judicial officer's impartiality might reasonably be questioned under the circumstances. *Lunde v. Helms*, 29 F.3d 367, 370 (8th Cir. 1994). A judge "shall also disqualify himself [if he] knows that he, individually or as a fiduciary. . . has a financial interest in . . . a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

It is conceded that mere association with a university, "without more," does not constitute grounds for recusal. *Lunde*, 29 F.3d at 371. However, where facts from "the perspective of an objective external observer" give rise to a reasonable question of impartiality, recusal is proper. *Moskovits*, 866 F. Supp. at 181.

### IV. JUDGE BROWNING'S DISCLOSURE OF ASSOCIATIONS AND AFFILIATIONS WITH DEFENDANT UNIVERSITY CREATES AN APPEARANCE WHEREBY IMPARTIALITY MIGHT REASONABLY BE QUESTIONED.

In the instant case, Judge Browning has more than a mere association to Defendant University of New Mexico and its Board of Regents. *See Lunde*, 29 F.3d at 371. Although Judge Browning is not an alumnus of the University of New Mexico, he has developed strong ties that may implicate a reasonable question of impartiality. Whereas in *Lunde*, a judge's only association with a party university was that he had graduated from the university's law school, Judge Browning's associations with Defendant are more numerous and have both financial and personal benefits to them.

### a. Judge Browning's employment relationship with UNM could give rise to a reasonable question of impartiality.

Since 2006, Judge Browning has maintained an occasional employment relationship with UNM, including recent employment in the Fall of 2017. (First Disclosure Letter at 1; Second Disclosure Letter at 1.) The compensation that was intended for Judge Browning was waived by him in three instances, though he indicates in the Second Disclosure Letter that such pay may have been redirected to the benefit of UNM or the UNM Foundation. (Second Disclosure Letter at 1.)

Judge Browning did not waive pay in two most recent instances in which he taught at UNM School of Law. (*Id.*) In those instances, such pay was, at his request, redirected to compensate UNM law students in assisting him in writing a law review article, presumably under his authorship. (*Id.*; First Disclosure Letter at 2.) This can be reasonably viewed as a redirection of pecuniary benefit from Defendant into the form of employment of law students. Defendant, in essence, paid for its own student to assist Judge Browning. The benefit of obtaining student assistance could be viewed as having additional value above direct compensation to the judge, as the student resources did not impact the federal court's budget. An objective observer could perceive, even incorrectly, that, given the benefits of resources from UNM law school, a judge in a similar position could, even unintentionally or subconsciously, favor the institution from which he has garnered recent benefit and which will continue to bear fruit in the form of a judicial clerk two terms from now.

Dr. Rivero concedes that compensation of judges for teaching law or taking on law-related endeavors outside of the confines of court is permissible under the Code of Judicial Conduct. Code of Conduct, Canon 4(H). The problem of perception here, however, is that Judge Browning's employment as a teacher of law, even with waived or redirected compensation, was ultimately with and under Defendant Board of Regents, whose authority governs the UNM School of Law as

8

well as the School of Medicine / University of New Mexico Health Sciences Center.[2]  Similarly, Plaintiff's employment, which is the key relationship giving rise to claims in this case, was also with and under the Defendant Board of Regents.  This puts a particular strain on the perception of impartiality when (i) a judge and a plaintiff in a case have been employees of a defendant, (ii) a judge has occasionally and quite recently worked for the defendant, (iii) the plaintiff is directly adversarial to that defendant, and (iv) the defendant's alleged illegal and improper employment practices are directly at issue in the litigation.

### b. Judge Browning's association with specific Regents could give rise to a reasonable question of impartiality.

As to Judge Browning's relationship to the Board of Regents itself, the ties set out in the disclosure letters could create an objectively reasonable question as to his impartiality.  The ties appear to be mainly personal, though the Second Disclosure Letter downplays the affinity of those ties.  They include having invited the President of the Board to a dinner party, though the purpose of which has not been disclosed in the Second Disclosure Letter.  The ties also include, again, a previous supervisory position over a UNM law student—Garrett Adcock—as an extern.  Mr. Adcock, whose dates of employment were not stated in the Second Disclosure Letter, was chosen by the Governor of New Mexico to populate the seat on the UNM Board of Regents reserved for a single student.[3]

These associations do not necessarily negate impartiality, but their personal nature coupled with the employment relationship with Defendant objectively give rise to a reasonable question of impartiality.  Such a question should warrant recusal under 28 U.S.C. § 455.

---

[2] *See* http://www.unm.edu/academics, last visited July 17, 2018.
[3] *See* http://regents.unm.edu/members/index.html, last visited July 17, 2018.

## V. JUDGE BROWNING SHOULD RECUSE HIMSELF TO PRESERVE THE INTEGRITY OF ANY DECISION, RULING, OR VERDICT IN THIS CASE.

The special circumstances of this case create a unique context in which recusal preserves the integrity not only of the Court's stature but of any ruling as to the merits of the case. On the one hand, should the outcome of this case be adverse to Plaintiff, then Defendant would have achieved a Pyrrhic victory, as there would exist a negative tinge on the perception of absolute impartiality.

On the other hand, should the outcome of this case be adverse to Defendant, the Defendant and the Court are faced with another dilemma of perception. The claims under the Rehabilitation Act implicate discrimination by an entity that receives federal funding. This funding could face additional scrutiny or sanction, including withdrawal of funding, pursuant to an adverse holding of discrimination. *See* 10 C.F.R. §§ 4.233, 4.46 and 4.48 (in part authorizing withdrawal or cessation of federal funding for violations of discrimination statutes). As a result, Defendant's relationship with and perception of the trial judge could potentially take a negative turn. This is not entirely speculative, given the record of retributive conduct by Defendant documented in the record of this case and, further, practicalities related to finances at a public university. Moreover, with the relationships at play among the parties as discussed elsewhere in this Motion, including the occasional and recent employment relationship between the judge and the Defendant, an adverse financial and reputational outcome for Defendant could negatively impact what appears to be a mutually beneficial relationship.

## VI. CONCLUSION

WHEREFORE, for the reasons set out above, Dr. Rivero respectfully requests that the Honorable James O. Browning recuse himself from the instant case, and for such other relief as the Court deems just and proper.

        Respectfully submitted,

        ERIC D. NORVELL, ATTORNEY, P.A.

        */s/ Eric D. Norvell*
        Eric D. Norvell
        2292 Faraday Ave., Suite 70
        Carlsbad, CA 92008
        (760) 452-0808
        enorvell@norvellfirm.com
        *Attorney for Dennis P. Rivero, M.D.*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on July 17, 2018, I caused the foregoing Motion to Recuse the Honorable James O. Browning to be served via the Court's CM/ECF filing system to all parties entitled to receive notice and service in this case.

*/s/ Eric D. Norvell*
Eric D. Norvell