IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DENNIS P. RIVERO, M.D.,**

    **Plaintiff,**

v.                                                    **Cause No. 16-cv-00318 JB/SCY**

**BOARD OF REGENTS OF THE UNIVERSITY**
**OF NEW MEXICO d/b/a UNIVERSITY OF NEW**
**MEXICO HEALTH SCIENCES CENTER,**

    **Defendant.**

**RESPONSE BRIEF IN OPPOSITION TO MOTION TO RECUSE THE HONORABLE JAMES O. BROWNING**

COMES NOW Defendant Board of Regents of the University of New Mexico ("UNM") by and through its Counsel of Record, Park & Associates, L.L.C. (Alfred A. Park and Lawrence M. Marcus) and hereby files this Response Brief in Opposition to Plaintiff's Motion to Recuse the Honorable James O. Browning. For its Response, UNM STATES AS FOLLOWS:

**I.  PLAINTIFFS' MOTION IS UNTIMELY**

Plaintiff brought the instant Motion pursuant to 28 U.S.C. § 455. Such a Motion must be timely filed. Wilner v. Univ. of Kan., 848 F.2d 1023, 1028 (10th Cir. 1988) (collecting cases). In Wilner, the Plaintiff was a professor who brought an employment discrimination claim against the University of Kansas, and filed a Motion to Recuse on the basis of the judge's position as head of the alumni association of that institution and President of the Board of Governors of the law school. 848 F.2d at 1026.  The Wilner plaintiff filed her Motion ten months after filing her complaint. Id. at 1028-29. The Tenth Circuit upheld the district judge's decision to not recuse himself, stating that "[g]ranting a motion to recuse many months after an action has been filed

wastes judicial resources and encourages manipulation of the judicial process." 848 F.2d at 1029, citing In re Int'l Bus. Machines Corp., 618 F.2d 923, 933 (2nd Cir. 1988) (stating that imposition of a timeliness requirement in considering recusal motions is necessary to prevent waste of judicial resources). *See also* Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir. 1987) (holding that motion to recuse was untimely where there existed a gap of three months between the allegedly disqualifying event and the motion)

In the instant case, Judge Browning was assigned to this case on October 3, 2017 [Doc. No. 123]. As Plaintiff notes, Judge Browning sent his first Disclosure Letter on January 23, 2018 [Doc. 163, hereinafter "First Disclosure Letter"]. Significantly, this was the only one of the two Disclosure Letters that contained any reference to anything that could remotely be considered even *de minimis* compensation to Judge Browning from UNM. Judge Browning noted that he believed that he could be impartial. Plaintiff did not express any concerns regarding Judge Browning's impartiality at the time, and did not file the instant Motion until July 17, 2018, over nine months after Judge Browning was initially assigned to the case, and almost six months after Judge Browning sent his First Disclosure Letter. During the interim, on June 26, 2018, Judge Browning presided over a hearing concerning dispositive motions in the case. Accordingly, Plaintiff waited "many months" to file the instant motion. As such, it is clearly untimely regarding the First Disclosure Letter.

Judge Browning then sent a Second Disclosure Letter on June 22, 2018 [Doc. No. 200, hereinafter "Second Disclosure Letter"]. In that letter, Judge Browning described some incidental contact with various members of the Board of Regents of UNM and, again, noted that he could be impartial. While the Second Disclosure Letter was sent only one month prior to Plaintiff's filing of the instant Motion, the Motion is still untimely regarding that letter. As noted

above, the Court held a dispositive Motions hearing on June 26, 2018. While Plaintiff argues that the letter did not explicitly require objections to be posited prior to the dispositive motions hearing, the Court's actions clearly demonstrated that it was expecting any parties with objections to respond prior to the hearing. To that end, as Plaintiff admits in his Motion, Judge Browning's assistant contacted counsel for both parties the day before the hearing, asking them if they received the letter and whether they had any objections. This act clearly demonstrates an urgency on the part of the Court, and a reasonable desire to have all objections heard prior to the hearing. Quite simply, Plaintiff had at least two opportunities, prior to the hearing, to object to Judge Browning on the basis of the Second Disclosure Letter. Plaintiff chose not to do so. Moreover, Plaintiff did not raise the issue at the hearing. At this time, recusal would be prejudicial to UNM, which invested a substantial amount of time preparing for and attending the hearing, and would be a waste of judicial resources.

Moreover, Plaintiff's delay cannot be excused by his statements in his affidavit. First, the affidavit is not notarized, which renders it insufficient as testimony. Affidavit of Plaintiff, attached to Plaintiff's Motion as Exh. A. Second, while Plaintiff argues that he told Judge Browning's assistant that he would proceed with the dispositive motions because he did not have enough time to "reflect upon the disclosures," this is not an adequate excuse for delay. Plaintiff admits that he was able to review the disclosure letter. Affidavit of Plaintiff, ¶ 3.  In addition, Plaintiff is represented by counsel, who is well-qualified to advise him regarding whether a judge should be recused based on disclosures. There were simply no reasonable grounds for the delay.

As noted above, a timeliness requirement for recusal is necessary to preserve judicial resources and to discourage manipulation of the judicial process. Plaintiff's Motion should be denied on both grounds. The Court has already held a lengthy dispositive motions hearing, which

would likely have to be repeated if Judge Browning were to recuse himself. This would be a waste of the resources of both the Court and the parties. Moreover, recusal would encourage manipulation of the judicial process. Plaintiff was able to review both disclosure letters prior to the hearing, yet he chose to proceed. If Judge Browning were to recuse himself at this late date, it would give Plaintiff a second bite at the proverbial apple. If parties were allowed to seek recusal after a major hearing, this would clearly encourage the procedural manipulation that a timeliness requirement has been put in place to prevent. Accordingly, Plaintiff's Motion is untimely and should be denied.

## II. JUDGE BROWNING'S CONNECTIONS WITH UNM ARE NOT SUFFICIENT TO JUSTIFY RECUSAL

Moreover, Judge Browning's associations with UNM, as described in his Disclosure Letters, are insufficient to require his recusal. As noted by the Tenth Circuit, "[t]he test is whether a reasonable person, *knowing all the relevant facts*, would harbor doubts about the judge's impartiality." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987) (emphasis added). Significantly, the test requires the "reasonable person" to be aware of all relevant facts. Moreover, "[a] judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." Id.. 831 F.2d at 939. In fact, "[t]here is as much obligation for a judge not to recuse when there is no obligation for him to do so as there is for him to do so when there is." Id. (collecting cases).

In the instant case, a reasonable person, knowing all relevant facts, would not have any reason to harbor doubts about the judge's impartiality. Judge Browning has a reputation among members of the New Mexico federal bar, who would be aware of the relevant facts, as a judge with integrity and the ability to be impartial. The Disclosure Letters in this case are themselves examples of this integrity. Even Plaintiff admits in his Motion that this Honorable Court would

4

not take any improper actions, and is only concerned about the appearance of impropriety. Mot. at 1. However, if Plaintiff's Counsel has no concerns that Judge Browning lacks integrity, it is difficult to imagine that any other informed, reasonable person would have such concerns.

Further, the slight associations that Judge Browning has with UNM do not justify his recusal. Plaintiff notes that Judge Browning stated that he taught classes on religious freedom, and that he either waived payment or asked UNM to pay a student research assistant in his place. Either way, his class on religious freedom did not give him a substantial financial interest in UNM. On this topic, the Eighth Circuit's decision in Lunde v. Helms, 29 F.3d 367 (8th Cir. 1994), is instructive. In Lunde, the plaintiff attempted to have the judge recused because of his associations with the University of Iowa, which was one of the defendants in the case. 29 F.3d at 370. Nonetheless, the Eighth Circuit held that recusal was not warranted. Id. at 371. Contrary to Plaintiff's contentions, the Lunde judge's association with the university went beyond the fact that he was an alumnus of the law school. In addition to being an alumnus, the Lunde judge made financial contributions to the Iowa Law School Foundation and presented educational programs at the school. Id. at 370. Quite simply, that judge's connection with the University of Iowa are similar to the connections of Judge Browning to UNM. Accordingly, there is no reason for Judge Browning to recuse himself.

Likewise, in Wilmer, the judge in question was a director of the alumni association of the University of Kansas, the defendant in the case, and also served as President of the Board of Governors of the law school at the university. 848 F.2d at 1026. Clearly, his ties to that school were substantial. Nonetheless, the Tenth Circuit held that the plaintiff "failed to present any facts that would support an inference that [the judge] was actually biased against her as the result of his leadership position in the University of Kansas' alumni affairs. The law of this circuit does

not require recusal on the basis of mere speculation that such activities would cause him to harbor speculation against her." <u>Wilmer</u>, 848 F.3d at 1028.

Likewise, in the instant case, Judge Browning participated in various activities connected with the University of New Mexico. Given that UNM is the only law school in the state, it is unlikely that there are any federal or state judges in New Mexico who have no connection with the school. However, Judge Browning's associations with UNM do not rise to the level of, for instance, a director of an alumni association. While Plaintiff argues that Judge Browning should recuse himself because of social interactions with UNM officials, it is reasonable to assume that the director of an alumni association for a major university would have much greater social interactions with school officials than the ones described by Judge Browning in his disclosure letters.

Moreover, the fact that Judge Browning has occasionally socialized with Robert Doughty and appointed Garrett Adcock as a judicial extern is irrelevant. While these individuals are members of UNM's Board of Regents, none of them are sued as individuals. The Board of Regents, as a whole, is named in the lawsuit, because it is simply the body that can sue or be sued on behalf of UNM itself. N.M.S.A. § 21-7-4. A judgment against UNM will not personally affect either of these individuals, especially considering the fact that the relevant events of this case occurred more than six years ago, so no current member of the Board of Regents was serving on the Board at any time relevant to this litigation. A reasonable person who is aware of these facts will not assume a bias on the part of Judge Browning simply because he personally knows some of the members of the Board of Regents.

Quite simply, the instant Motion is based solely on speculation that Judge Browning's slight associations with the University of New Mexico will lead to the appearance of bias. As set

forth above, such speculation is inappropriate grounds for recusal. In fact, the applicable precedent states the opposite, that Judge Browning should ***not*** recuse himself. *See, e.g.*, Hinman, 831 F.2d at 939. Accordingly, Plaintiff's Motion should be denied.

## IV.  CONCLUSION

Plaintiff's Motion is substantially untimely, and the recusal that he seeks will waste judicial resources and prejudice UNM. Moreover, Judge Browning's association with UNM is not close enough to warrant recusal in the absence of any evidence of actual bias. Accordingly, Defendant Board of Regents of the University of New Mexico respectfully requests that this Honorable Court deny Plaintiff Dennis Rivero's Motion to Recuse the Honorable James O. Browning.

PARK & ASSOCIATES, LLC

  /s/  Lawrence M. Marcus_____
Alfred A. Park
Lawrence M. Marcus
*Attorneys for Defendant Board of Regents of the University of New Mexico*
3840 Masthead St.
Albuquerque, NM 87110
(505) 246-2805

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF filing system to all counsel of record on this__31st___ day of July, 2018.

 /s/____Lawrence M. Marcus_____
Lawrence M. Marcus

7