IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS P. RIVERO, M.D.,

     Plaintiff,

vs.                CIVIL NO. 16-cv-00318 JB-SCY

BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO
d/b/a UNIVERSITY OF NEW MEXICO HEALTH SCIENCES CENTER,

     Defendant.

### REPLY IN SUPPORT OF MOTION TO RECUSE
### THE HONORABLE JAMES O. BROWNING

COMES NOW Plaintiff Dennis P. Rivero, M.D. ("Dr. Rivero" or "Plaintiff"), through his attorney of record, and submits this Reply in Support of Motion to Recuse the Honorable James O. Browning ("Reply"). As grounds for this Reply, Dr. Rivero states the following.

## I.  THE MOTION TO RECUSE IS TIMELY.

Timeliness is based on the availability of information giving rise to grounds for recusal. Judge Browning presented a first disclosure letter [Doc. 163, "First Disclosure Letter"] on January 23, 2018. He then presented a second disclosure letter [Doc. 200, "Second Disclosure Letter"] on June 22, 2018. The Second Disclosure Letter was presented four days before a hearing on dispositive motions and disclosed new information that lent additional texture and complexity to the First Disclosure Letter. Such information is not easily or quickly digested, and given the preparations in place to attend the hearing on June 26, 2018, Dr. Rivero had four days to prepare based on the new information (not the "many months" that UNM argues).

Furthermore, at the time of the filing of the Motion to Recuse Honorable James O. Browning [Doc. 203, "Motion to Recuse," filed July 17, 2018], the Court had not ruled on any motions before it. Indeed, after Dr. Rivero inquired further as to the Second Disclosure Letter

after the June 26th hearing, the Court stated that it would be unavailable to hear any issues pertaining to the disclosure letters because of a major criminal trial that was to occupy most if not all of July 2018.  Assumedly, the Court would not concentrate its efforts on the motions before it until after that point as well.  Given that constraint, Dr. Rivero filed the Motion to Recuse on July 17, 2018, before any further judicial resources were expended in making a determination in this case, and such motion should have served to stay further work until the issue was resolved.

With respect to prejudice to parties, UNM seems to stake a selfish claim, arguing that recusal would prejudice it because it has prepared for and attended the hearing on June 26, 2018. This argument is without merit, as Dr. Rivero also prepared for and attended the hearing.  Any impact of a recusal will be uniformly distributed.

Finally, Dr. Rivero's affidavit is valid, both technically and substantively.  First, it is valid technically under 28 U.S. Code § 1746, which permits unsworn affidavits submitted with filings when such affidavits comply with the requirements of the statute.  Second, it is valid substantively and logically.  The Court's Second Disclosure Letter was sent very closely before the hearing on the dispositive motions on June 26, 2018, and Dr. Rivero had already planned and prepared to attend the hearing.  Even responses to trial motions, such as motions *in limine*, are not regularly given such a short turn around for response.  Certainly, if UNM believes it would be prejudiced by having prepared and attended the hearing only to have the judge recuse himself, then UNM would concur that Dr. Rivero's preparation was equally valuable and would be prejudiced in the face of a demand for immediate response to the Second Disclosure Letter.

For these reasons, Dr. Rivero's Motion to Recuse was timely filed.

## II. JUDGE BROWNING'S CONNECTIONS WITH UNM ARE SUFFICIENT TO GIVE RISE TO AN OBJECTIVELY REASONABLE QUESTION OF IMPARTIALITY.

### a. Shared Employer.

This is an employment case where the Judge's intermittent employer faces ignominious allegations as set out in the complaint and other accompanying documents.  In this case, Dr. Rivero was employed by UNM, and UNM committed egregious acts of discrimination against him.  Such acts were abetted by university administrators and facilitated by University counsel, who drafted the Addendum imposing psychiatric examinations on Dr. Rivero, obstructed access to his credentialing file, and submitted frivolous defenses to Dr. Rivero's attempts to obtain his records. This case, rife with showings of bad faith by UNM, is now before Judge Browning.  Judge Browning has had an intermittent employment relationship with UNM and not suffered the consequences of UNM's administrative caprice.  By comparison, Judge Browning has a mutually beneficial relationship with UNM, including working relationships with law student externs provided in return for his contributions as an instructor.

### b. Interactions with Board of Regents.

Dr. Rivero did not and does not have interactions with the governance of the body corporate that is the Board of Regents.  That is, Dr. Rivero does not interact with any of the members of said Board.  Judge Browning has had interactions with members of said Board, and given the status of federal judges, such interaction is mutually valuable and appreciated.  Additionally, such interaction is with individuals who have ultimate discretion over Judge Browning's ongoing albeit intermittent relationship with the University.

### c. Impact on the Board and its Individual Members.

As stated in the Motion to Recuse, an outcome adverse to Defendant would create a dilemma of perception as to the court by the Board and its members.  Defendant attempts to mitigate this by stating that "no current member of the Board of Regents was serving on the Board at any time relevant to this litigation." (Response at 6.)  Defendant sets out no evidence supporting this statement, and it is facially untrue.  The current Board—and its leadership comprised of individual, natural persons—would be profoundly affected by an outcome adverse to UNM in this case.  The Board is the corporate overseer of the University.  An outcome adverse to UNM on claims of discrimination could negatively impact federal funding for the University and could damage the reputation of the university and its leadership.  The reputation of the Board of Regents and its members who stood by and supported discriminatory policies are certainly at stake.  In turn, the Board's and its members' relationships with and perception of the trial judge could potentially become negative.

### d. Judicial Integrity.

Defendant states that the disclosure letters are exemplary of Judge Browning's integrity, offering the parties insight into his relations with UNM.  Plaintiff agrees.  What Defendant ignores, however, is that part and parcel of such integrity is the necessity to revisit conclusions through analyses of the parties involved in the case, who may elucidate areas that may have been overlooked in determining the propriety of continuing as a judge in this matter.  Dr. Rivero has set forth the areas that have been overlooked and the give rise to the applicability of 28 U.S.C. § 455(a) in requesting recusal.

Defendant attempts to put words into Plaintiff's mouth, stating that Plaintiff "admits that this Honorable Court would not take any improper actions."  Plaintiff does not challenge the

Judge's reputation and high reputation in the bar but asks that the Court revisit and objectively apply statutory principles to the set of facts before it.  The words of the recusing judge in *United States v. Moskovits* serve to inform the analytical framework:

> "The question that the governing statute requires me to answer is whether— taking as one's instrument of observation and assessment not my perspective but the perspective of an objective external observer who is not acquainted with me but is acquainted with the record facts recited above -- my 'impartiality might reasonably be questioned.' Framing the question that way, the answer to which I am led is that my close association with the University of Pennsylvania—an association of twenty years' standing— might reasonably be perceived by an objective external observer as a factor that could influence me, even if unconsciously, to favor a result that would facilitate achievement of the University's announced purpose . . . ." *United States v. Moskovits*, 866 F. Supp. 178, 181-82 (E.D. Pa. 1994) (internal citations omitted).

   **e.  Defendant's Case Interpretations Distinguished.**

Defendant's reliance on the *Willner* and *Lunde* cases is misplaced.  In *Willner*, the judge of whom the plaintiff sought recusal was president of the Board of Governors of the University of Kansas law school. *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1029 (10th Cir. 1988).  However, the plaintiff in that case provided no further facts than the judge having held that post, and thus, without more, the plaintiff provided only speculation.[1]   Here, Judge Browning has, in his

---

[1] Notably, irrespective of the judge's position on the Board of Governors, the *Willner* court simply ruled on the basis that the plaintiff's objection was untimely, having moved for recusal one year after having learned of the judge's position with the board.

disclosures, provided detail that would provide objective basis for recusal under 28 U.S.C. § 455(a).

With respect to *Lunde*, Defendant ignores a crucial analytical distinction with instant case. In *Lunde*, the judge made alumni contributions to the Iowa Law School Foundation and presented two educational programs by the law school.  *Lunde v. Helms*, 29 F.3d 367, 370 (8th Cir. 1994). The case does not say whether the judge was underlined employed by the university.  Here, Judge Browning was employed by the law school and therefore UNM and its overseeing Board of Regents.

To draw comparison, the *Lunde* judge's contributions—based on the facts stated in the case—were directed solely from the judge to the school.  Here, the benefits are mutual.  UNM certainly benefits from Judge Browning's instruction, but he garners benefit as well. Though direct compensation has been redirected, certain redirection of compensation resulted in the paid employment of a law school extern for Judge Browning.

*Lunde* states that recusal would be improper under its facts "without more."  In fulfillment of his judicial obligations through disclosure, Judge Browning has provided "more" for consideration.  As a result, the parties are aware that ties differ in substance and could, as stated, give rise to an objectively reasonable question as to impartiality.

## III.   CONCLUSION

WHEREFORE, for the reasons set out above, Dr. Rivero respectfully requests that Judge Browning recuse himself from his role as a judge in this case, and for such other relief as the Court deems just and proper.

Respectfully submitted,

ERIC D. NORVELL, ATTORNEY, P.A.

*/s/ Eric D. Norvell*
Eric D. Norvell
2292 Faraday Ave., Suite 70
Carlsbad, CA 92008
(760) 452-0808
enorvell@norvellfirm.com
*Attorney for Dennis P. Rivero, M.D.*

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 10, 2018, I caused the foregoing Reply in Support of Motion to Recuse the Honorable James O. Browning to be served via the Court's CM/ECF filing system to all parties entitled to receive notice and service in this case.

*/s/ Eric D. Norvell*
Eric D. Norvell