# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DENNIS P. RIVERO, M.D.,

      Plaintiff,

vs.                                                                                                       No. CIV 16-0318 JB\SCY

BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO d/b/a UNIVERSITY OF NEW
MEXICO HEALTH SCIENCES CENTER,

      Defendant.

## ORDER[1]

**THIS MATTER** comes before the Court on: (i) the Defendant University of New Mexico Board of Regents' Motion and Memorandum for Summary Judgment, filed December 5, 2017 (Doc. 139); (ii) the Defendant University of New Mexico Board of Regents' Amended Motion and Memorandum for Summary Judgment, filed December 8, 2017 (Doc. 143)("UNM's MSJ"); (iii) the Plaintiff's Motion for Summary Judgment and Memorandum of Law as to Certain of Defendant Board of Regents of the University of New Mexico's Affirmative Defenses, filed December 8, 2017 (Doc. 144)("Dr. Rivero's MSJ"); (iv) the Plaintiff's Motion in Limine to Exclude Complaints Against Plaintiff Prior to 2006, filed December 8, 2017

---

[1]This Order disposes of the requests in the Defendant University of New Mexico Board of Regents' Motion and Memorandum for Summary Judgment, filed December 5, 2017 (Doc. 139); the Defendant University of New Mexico Board of Regents' Amended Motion and Memorandum for Summary Judgment, filed December 8, 2017 (Doc. 143); the Plaintiff's Motion for Summary Judgment and Memorandum of Law as to Certain of Defendant Board of Regents of the University of New Mexico's Affirmative Defenses, filed December 8, 2017 (Doc. 144); the Plaintiff's Motion in Limine to Exclude Complaints Against Plaintiff Prior to 2006, filed December 8, 2017 (Doc. 145); the Plaintiff's Motion in Limine to Prohibit and Exclude Use of the Term "Psychological" in Reference to "Psychiatric" Evaluations, filed December 8, 2017 (Doc. 146); and the Plaintiff's Motion to Recuse the Honorable James O. Browning, filed July 17, 2018 (Doc. 203). The Court will, however, issue a Memorandum Opinion at a later date more fully detailing its rationale for this decision.

(Doc. 145)("Complaints MIL"); (v) the Plaintiff's Motion in Limine to Prohibit and Exclude Use of the Term "Psychological" in Reference to "Psychiatric" Evaluations, filed December 8, 2017 (Doc. 146)("Psychological MIL"); and (vi) the Plaintiff's Motion to Recuse the Honorable James O. Browning, filed July 17, 2018 (Doc. 203)("Recusal Motion").  The Court held hearings on June 26, 2018, and August 13, 2018.  The primary issues are: (i) whether Plaintiff Dennis Rivero, M.D.'s claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794, of an improper medical examination and constructive discharge based on UNM's request for psychiatric evaluations is time-barred, because Dr. Rivero filed suit five years after the request was made; (ii) whether UNM improperly required Dr. Rivero to submit to psychiatric evaluations as a condition of his return to full-time employment when it believed that he had a history of a lack of professionalism; (iii) whether UNM constructively discharged Dr. Rivero by revoking its offer of full-time employment after Dr. Rivero objected to the evaluations and by allegedly asking for the evaluations without a legitimate basis; (iv) whether the Court should strike UNM's affirmative defenses (I), (II), and (III), because the Honorable William P. Lynch, United States Magistrate Judge for the District of New Mexico, addressed them in the Order Denying Motion to Dismiss, filed December 22, 2016 (Doc. 43)("Order"); (v) whether the Court should strike UNM's affirmative defense (XIV) for being without factual support; (vi) whether the Court should strike UNM's affirmative defense (XV) for being without substance; (vii) whether the Court should exclude complaints against Dr. Rivero made before 2006 for being irrelevant; (viii) whether the Court should preclude UNM from using the term "psychological" instead of "psychiatric" in reference to the examination requirement it imposed on Dr. Rivero for being misleading; and (ix) whether the Court should recuse itself from this case because the presiding judge, the honorable James O. Browning, has taught a semester-long class at the University of New Mexico

School of Law ("School of Law") on five occasions, waiving all pay on three occasions or reallocating his pay to fund a law student's help in writing a law review article in the fall of 2015 and 2017 -- although on three occasions his waiver of pay may have been treated by UNM as a donation to UNM -- and because he has been acquainted with several Regents from the University of New Mexico Board of Regents, including the current President and Student Regent for 2017-2018.

First, it is undisputed that the applicable statute of limitations for Dr. Rivero's claim under the Rehabilitation Act for an improper medical inquiry is three years. A cause of action for a civil rights action, such as for a violation of the Rehabilitation Act, accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." Baker v. Bd. of Regents of State of Kan., 991 F.2d 628, 632 (10th Cir. 1993)(emphasis added). The injury forming the basis of Dr. Rivero's claim was the requirement that he undergo a four-part psychiatric examination as a condition of increasing to a 0.75 full-time equivalent appointment. See First Amended Complaint to Recover Damages for Violation of the Rehabilitation Act of 1973 ¶ 48, at 9, filed September 9, 2016 (Doc. 28)("FAC"); Addendum NO. 1 to Contract UNM School of Medicine Faculty By and Between the University of New Mexico and Dennis P. Rivero, M.D., filed September 9, 2016 (Doc. 28-1)("Addendum"). Knowledge of "critical facts" or "all of the evidence ultimately relied on" is not necessary for the cause of action to accrue. Baker v. Bd. of Regents of State of Kan., 991 F.2d at 632. All that is needed for the claim to be "complete and present," and thus trigger the start of the limitations period, is for the plaintiff to be able to "file suit and obtain relief." Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Calif., 522 U.S. 192, 201 (1997). The Court, therefore, determines that it was not necessary for Dr. Rivero to conclusively "determine that UNM had no evidence or

documentary support to substantiate its requirement of psychiatric testing" for his cause of action for the alleged improper medical examination to accrue.  Order at 8.[2]  The Court concludes that Dr. Rivero's cause of action accrued when he knew of the alleged injury and could have filed suit for an improper medical examination -- upon receipt of the Addendum in February 2011, because the facts show that the Addendum shocked him.  That Dr. Rivero filed a charge of discrimination with the Equal Employment Opportunity Commission on January 20, 2012, which explicitly states his belief that the examination was "not job-related and consistent with business necessity," further strengthens this conclusion.  Charge of Discrimination at 1 (dated January 20, 2012), filed December 8, 2017 (Doc. 144-10).  The undisputed facts also show that Dr. Rivero believed, at the time that he received the Addendum in February 2011, that he did not have any professionalism problems to warrant the Addendum's requirements.  The statute of limitations therefore bars Dr. Rivero's claim of an improper medical examination.  There is no sound reason to apply the doctrine of equitable tolling, because Dr. Rivero does not ask the Court

---

[2]Magistrate Judge Lynch concluded that Dr. Rivero's claim did not accrue until January 2014, when "affidavits were filed by Drs. Trotter and Baily . . . which averred that all of the documents [relating to the psychiatric evaluation requirement] had been produced, and Dr. Rivero was able to determine that UNM had no evidence or documentary support to substantiate its requirement of psychiatric testing."  Order at 8.  Magistrate Judge Lynch held that, because the absence of a business necessity is an element of the claim under 29 U.S.C. § 794, the claim accrued only when "Dr. Rivero had access to information sufficient to establish this element."  Order at 8.  The Court, in reviewing Magistrate Judge Lynch's Order for the purpose of deciding UNM's MSJ, concludes that Magistrate Judge Lynch's holding is contrary to the law.  See Federal Rule of Civil Procedure 54(b); Been v. O.K. Indus., Inc., 495 F.3d 1217, 1225 (10th Cir. 2007)(stating courts may "depart from erroneous prior rulings").  The Court thus departs from Magistrate Judge Lynch's holding on the time of accrual of the medical examination claim and concludes that it accrued when Dr. Rivero believed his rights were violated, pursuant to Tenth Circuit precedent.  See Colby v. Herrick, 849 F.3d 1273, 1279-80 (10th Cir. 2017)(holding claim accrued when plaintiffs should have known their rights were violated); Alexander v. Oklahoma, 382 F.3d 1206, 1216 (10th Cir. 2004)(refusing to "craft a rule delaying accrual of a cause of action until a plaintiff has detailed knowledge of the level of culpability"); Baker v. Bd. of Regents of State of Kan., 991 F.2d at 632 (holding claim accrued when appellant "knew or had reason to know" of his injury).

to apply the doctrine and because he had enough knowledge of the injury within the limitations period to bring a timely case.  The Court agrees, however, that Dr. Rivero timely filed his constructive discharge claim, because he brought suit within three years of leaving his job at UNM.

The next issue is whether the Addendum's medical examination requirement is job-related and consistent with business necessity.  To be permissible, the medical examination must "be job-related and consistent with business necessity."  42 U.S.C. § 12112(d)(4)(B).  The United States Court of Appeals for the Tenth Circuit has interpreted this provision to allow an employer to request a medical examination "to determine . . . whether the employee can perform job-related duties when the employer can identify legitimate, non-discriminatory reasons to doubt the employee's capacity to perform his or her duties."  Adair v. City of Musckogee, 823 F.3d 1297, 1312 (10th Cir. 2016)(quoting Conroy v. N.Y. State Dep't of Corr. Servs., 333 F.3d 88, 98 (2d Cir. 2003)).  For example, the United States Court of Appeals for the Second Circuit states that "frequent absences" constitute an adequate "business necessity" to justify a medical examination.  Conroy v. N.Y. State Dep't of Corr. Servs., 333 F.3d at 98.  UNM provided ample, non-discriminatory reasons for requiring Dr. Rivero to undergo psychiatric examinations before returning him to full-time employment by pointing to his professionalism issues.  The Court concludes that the complaints relating to Dr. Rivero's professionalism, especially regarding patients, were a legitimate basis for UNM to seek medical examinations before allowing him to work full time and interact with new patients.  Dr. Rivero does not contend that these reasons are contrived; rather, he argues that they are unsubstantiated.  Treating patients and co-workers with respect is an important duty of doctors, and UNM has a "business necessity" in wanting its staff to be professional.  Dr. Rivero argues that the request for "a four-part psychiatric evaluation" is

overly broad, but the face of the Addendum manifests that the evaluation was directed to addressing the professionalism concerns. The medical examination requirement in the Addendum is therefore permissible.

Third, the Court concludes that Dr. Rivero was not constructively discharged. The medical examination requirement was not a discriminatory act by UNM and thus cannot be the basis of this claim. Further, this request is not enough to show that UNM regarded Dr. Rivero as disabled. No reasonable jury could conclude that UNM regarded Dr. Rivero as disabled based on the undisputed facts before the Court. The Court determines this claim must fail as a matter of law. To the extent Dr. Rivero brings a claim for retaliation under the Rehabilitation Act, this must also fail as a matter of law, because the medical examination request was not an act of discrimination and UNM did not regard him as disabled. Summary judgment for UNM on Dr. Rivero's claims is therefore proper.

Fourth, because the Court is granting UNM's MSJ, Dr. Rivero's MSJ on UNM's affirmative defenses is moot. The Psychological MIL is also moot, because it is only concerned with misleading the jury during trial with deceptive terminology, so the Court will deny it. See Psychological MIL at 5. The Complaints MIL seeks to exclude complaints made against Dr. Rivero before 2006 for being irrelevant, so it touches on what the Court may properly consider in deciding UNM's MSJ. The complaints made before 2006 help to provide Dr. Rivero's full employment history at UNM and are relevant to the question of whether UNM reasonably doubted Dr. Rivero's ability to professionally interact with patients and co-workers. The Court will thus deny the Complaints MIL.

Finally, Dr. Rivero asks the Court to recuse, not because of any lack of "judicial integrity that accompanies the stature of his office," but rather to "protect the judge and this proceeding

from the outward appearance of which impartiality might reasonably be questioned." Recusal Motion at 1.  The Court notes that it has, however, decided a number of cases against UNM in the past.  There have been no issues with Judge Browning's impartiality or fairness in those cases, and he believes that he can continue to be fair and impartial in this case.  A reasonable person knowing all the relevant facts would not believe that Judge Browning has an interest in the outcome of this case.  Thus, because there is no legitimate reason for Judge Browning to recuse, he must exercise his strong duty to sit.  See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).  The Court also questions Dr. Rivero's timeliness in filing the Recusal Motion.  Dr. Rivero first learned of Judge Browning's ties with the Law School in January 2018, but did not file the Recusal Motion until July 2018 -- after Judge Browning had heard argument on UNM's MSJ, Dr. Rivero's MSJ, the Complaints MIL, and the Psychological MIL.  Although Judge Browning issued another letter in June 2018 disclosing his social ties with some current Board of Regent members, Dr. Rivero had time to object before the hearing.  The Court also notes that Dr. Rivero's objection came after Judge Browning provided his inclination to rule against him.  This chronology gives the appearance that Dr. Rivero is attempting to exercise a veto power over the Court.  See Nichols v. Alley, 71 F.3d at 71.  The Court will thus deny Dr. Rivero's request that the Court recuse itself.

**IT IS ORDERED** that: (i) the requests in the Defendant University of New Mexico Board of Regents' Motion and Memorandum for Summary Judgment, filed December 5, 2017 (Doc. 139), and in the Defendant University of New Mexico Board of Regents' Amended Motion and Memorandum for Summary Judgment, filed December 8, 2017 (Doc. 143), are granted; (ii) the requests in the Plaintiff's Motion for Summary Judgment and Memorandum of Law as to Certain of Defendant Board of Regents of the University of New Mexico's

Affirmative Defenses, filed December 8, 2017 (Doc. 144), are denied; (iii) the Plaintiff's Motion in Limine to Exclude Complaints Against Plaintiff Prior to 2006, filed December 8, 2017 (Doc. 145), is denied; and (iv) the Plaintiff's Motion in Limine to Prohibit and Exclude Use of the Term "Psychological" in Reference to "Psychiatric" Evaluations, filed December 8, 2017 (Doc. 146), is denied; and (v) the Plaintiff's Motion to Recuse the Honorable James O. Browning, filed July 17, 2018 (Doc. 203), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Eric D. Norvell
Eric D. Norvell, Attorney, P.A.
Carlsbad, California

    *Attorney for the Plaintiff*

Alfred A. Park
Lawrence M. Marcus
Park & Associates, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendant*